## KENNEDY *vs.* MILLSAP, use &c.

1. A judgment by default, against a defendant who was not before the court, purporting to be founded on an original attachment, which nowhere appears in the record, but which was prayed for and obtained (if at all) by the person for whose use, in the name of another as nominal plaintiff, the judgment was rendered,—is wholly irregular and erroneous, and cannot be aided by any intendments.

APPEAL from the Circuit Court of Coosa.
Tried before the Hon. GEO. D. SHORTRIDGE.

S. P. STORRS, for the appellant.
ELMORE & YANCEY, *contra.*

CHILTON, C. J.—The proceedings in this case were wholly irregular, and cannot be sustained. The affidavit states that the defendant, Kennedy, is indebted to John R. Chappell, who makes the oath, in the sum of seventy-five dollars. The bond is executed by Chappell, and recites that he has prayed for and obtained an attachment against the estate of Kennedy. There is no writ of attachment in the record, and no evidence that there ever was one, nor anything to show that Kennedy was brought in any way before the court. The declaration introduces a new plaintiff, Thomas Millsap, one not mentioned before in any of the proceedings, and omits the name of Chappell who made the affidavit and executed the bond; and the judgment, which is by default, is, "that Thos. Millsap, who sues for the use of John R. Chappell, recover," &c. There is a judgment against Creed M. Jennings, but no evidence that he was summoned as a garnishee other than the recital in the judgment that he, a garnishee, being called, came into court, and answered.

It is needless to inquire how many of these omissions may be aided by intendment. It is sufficient that Kennedy was not before the court, and that a judgment has been rendered against him by default; and this, too, as upon an original attachment, which nowhere appears, but which was prayed for and obtained (if at all) by one who makes no complaint against him in the Circuit Court.

Let the judgment be reversed, and the cause remanded.