Towsley vs. Ozaukee County.

*March 20 — April 8, 1884.*

*(1) County surveyor takes his office* cum onere: *fuel and stationery.*
*(2) Appeal to S. C.: Exceptions when necessary.*

1. The county board is not bound to furnish fuel or stationery for the county surveyor or to reimburse him for his expenses therefor, although he may have an office in the court house.
2. No exception is necessary to enable this court to determine whether the conclusions of law are correct upon the facts found, or whether the judgment is sustained by the pleadings and the findings.

APPEAL from the Circuit Court for *Ozaukee* County.

The plaintiff, the county surveyor of the defendant county, presented to the board of supervisors a claim against the county for fuel and stationery used in his office. The board disallowed the claim and the plaintiff appealed to the circuit court. A trial in that court without a jury resulted in the following findings of fact: "(1) That the plaintiff was county surveyor during the year 1882 of Ozaukee county,

and as such surveyor occupying an office furnished to him by said county in the court house; (2) that as such officer he furnished, for the use of said office, wood and stationery to the sum of $25." The court also found, as a conclusion of law, that the defendant is indebted to the plaintiff in the sum of $25, and gave judgment in his favor for that sum and costs. The county appeals from the judgment. There is no bill of exceptions in the record.

For the appellant there was a brief signed by *Pors & Hedding*, and the cause was argued orally by *W. J. Turner*. *Eugene S. Turner*, for the respondent.

LYON, J. It was held in *Crocker v. Supervisors*, 35 Wis., 284, that "officers take their offices *cum onere*, and services required of them by law, for which they are not specifically paid, must be considered compensated by the fees allowed for other services." That rule is sustained by several other adjudications of this court, cited in the opinion in that case by Chief Justice DIXON. The rule is applicable to a case like this, where the claim is for expenses incurred by the officer in the discharge of his official duties instead of official services. Indeed, the claim in *Crocker v. Supervisors* was for expenses and disbursements by a sheriff in the execution of process. Hence, the claim of the plaintiff is not valid unless there is some statute requiring or authorizing the county board to reimburse his expenses for fuel and stationery. We are referred to no such statute. On the contrary, the statute (R. S., 238, sec. 669, subd. 7) confers upon the county board power to provide fuel and stationery for certain county officers, necessary for the discharge of their official business. The county surveyor is not named as one of these officers. *Expressio unius est exclusio alterius.* If there is any other provision of statute which empowers the board to make such provision for the county surveyor, there is none which makes it the duty of the board to do so. The

fact that the county furnished the plaintiff an office in the court house cannot impose upon it the obligation to provide fuel and stationery to be used in it.

It is objected that the conclusion of law found by the circuit court cannot be reviewed on appeal because not excepted to. This position is not tenable. No exception is necessary to enable this court to determine whether the conclusion of law is correct upon the facts found, or whether the judgment is sustained by the pleadings and findings of the court. *Wis. R. I. Co. v. Lyons*, 30 Wis., 61.

*By the Court.*— The judgment is reversed, and the cause remanded with directions to enter judgment for the county.