PERSON v. OZARK COUNTY, *Appellant.*

**Criminal Costs, Non-Liability of County for.** Prior to the act of 1883, (Sess. Acts, p. 80,) the expense of boarding and lodging juries, kept together by order of the court in cases of felony, was not a. proper item of costs, and could not be taxed against the county as. such, by the court.

*Appeal from Ozark Circuit Court.*—HON. **J. R. WOODSIDE,.**
Judge.

REVERSED.

*J. B. Winger* for appellant.

*W. N. Evans* for respondent.

HOUGH, C. J.—This is a suit on a county warrant, which the defendant contends was issued without authority of law, and is therefore, void. It is agreed, that said warrant was issued in pursuance of the following order of the county court of Ozark county:

State of Missouri against Elizabeth and Martha Parker.

Bill of costs from Oregon county, Missouri, by the judge of the 13th judicial circuit of Missouri, in the above entitled cause in favor of W. McClelland, sheriff of Oregon county, Missouri, for the sum of $180 for board of jury in the trial of said cause, and for the sum of $20, for having in charge said jury, making a total of $200, which was filed at the last term of this court, and by the court continued until this term of the court, and the same being now taken under consideration by the court and after being fully advised as to the law in the premises, does allow on said bills of costs the following sums, to-wit: For boarding and lodging the jury the sum of $60, and for having in charge the jury, the sum of $20, making in all $80; and it is hereby ordered by the court that the same be paid out of the county contingent fund, and that a warrant be drawn on the treasurer for the sum of $80 in favor of the said W. McClelland.

Second day, February Term, February 3rd, 1880.

Thereupon the court declared the law to be: "That whereas the county court had passed upon the subject matter for which the county court ordered the warrant to issue, that the defendant was estopped from setting up the defense that the defendant was not liable for the payment of said warrant," and rendered judgment for the plaintiff.

At the time this order was made, the expense of boarding and lodging juries kept together by order of the court in case of felony, was not a proper item of costs, and could not be taxed as such by the court. *State ex rel. Winship v. State Auditor*, 57 Mo. 25; *Bright v. Pike County*, 69 Mo. 519. In 1880, the subject matter of the claim passed upon by the county court, could not be made the basis of a lawful demand against the county. There being no authority whatever, under any circumstances, for such an allowance, as was made to the sheriff of Oregon county, the warrant drawn in pursuance thereof was a nullity. It was a mere gratuity, and cannot be enforced against the county. The failure of the legislature to make provision for the payment of such necessary expenses as were incurred by the sheriff in this case, was doubtless an accidental omission, as they are now provided for by the act of March 8th, 1883, (Sess. Acts 1883, p. 80); but this fact cannot alter our judgment, which must follow the law in force at the time the warrant was issued.

The judgment of the circuit court must, therefore be reversed. The other judges concur.