M. R. WILCOX *vs.* COUNTY OF SIBLEY.

October 23, 1885.

Fees—Clerk of District Court.—The clerk of the district court is not en-
titled to fees from the county for administering oaths to jurors and wit-
nesses for the state in criminal cases, for the purpose of verifying their
accounts for *per diem* and mileage for attendance at court.

. Appeal by defendant from an order of the district court for Sibley
county, *Macdonald, J.*, presiding, overruling a demurrer to the com-
plaint.

*Sylvester Kipp*, for appellant.

*W. H. Leeman*, for respondent.

MITCHELL, J.  The clerk of the district court is required to issue
to each juror, and to each witness for the state, in criminal cases, a
certificate for his *per diem* and mileage for attendance at court.
Gen. St. 1878, c. 70, §§ 10, 30.   For each such certificate the state
allows the clerk a fee of 15 cents.   Gen. St. 1878, c. 70, § 2.   The
plaintiff, while clerk of the district court, administered an oath to each
juror and witness, verifying his claim for *per diem* and mileage, and
for this he now claims to recover from the county a fee of 25 cents
for each oath.   This claim is made under the clause of the fee bill
allowing clerks of the district court 25 cents "for administering oaths
not otherwise provided for."

The claim is untenable.   Even if the statute required every juror
and witness to verify by oath his account for *per diem* and mileage
before his certificate should be issued, the county would not be liable
for the expense without a statute clearly imposing the liability upon
it.   Such services would not be performed for the county.   It is no
part of its duty to bear the expense of furnishing the necessary proofs
for those having claims against its treasury.   The expense, if any,
would devolve upon those for whom the services were performed;
that is, upon those upon whom devolved the duty of furnishing the
proof.   But there is no statute requiring the clerk to exact this oath
from jurymen and witnesses.   Whether he has the power to we need

not here consider. See Gen. St. 1878, *c.* 8, § 115. But we do not think that the statute contemplates that the juror or the witness shall be required to pay a fee for swearing to his attendance at court before he shall be entitled to his certificate. The duty of issuing the certificate is imposed upon the clerk, and for his services in this regard the statute gives him a fee of 15 cents. These services include his ascertaining and satisfying himself of the correct amount, and whatever he does in that regard, whether by way of investigation or administering an oath to the party, is included in and covered by his fee of 15 cents.

What we have said applies with equal force to oaths administered to deputy-sheriffs appointed pursuant to Gen. St. 1878, *c.* 8, § 208, to verify their claims for compensation for attendance upon court.

The plaintiff shows no cause of action against the county, and the demurrer to the complaint should have been sustained.

Order reversed.