HALVOR RASMUSSON *vs.* COUNTY OF CLAY.

July 17, 1889.

**Clerk of Court—Indexing Judgment Records—Liability of County.**
A county cannot be held liable for the services of a clerk of the district court in indexing the judgment records of his office in books provided for in Laws 1885, c. 181.

**Same—Work done under Order of Court.**—Nor can such liability be fixed upon the county by the order of the judge of the district court, directing the clerk to perform the work at the expense of the county, and determining his fees therefor.

Appeal by defendant from an order of the district court for Clay county, *Mills*, J., presiding, overruling its demurrer to the complaint, the case having been appealed to the district court by plaintiff, on disallowance of his claim by the county board.

*W. B. Douglas* and *R. R. Biggs*, for appellant.

*O. Mosness*, for respondent.

COLLINS, J.   Soon after the passage of chapter 181, Laws 1885, the respondent in this action, then clerk of the district court for Clay county, procured the books mentioned in section 1, and proceeded to index all of the judgment records in his office, in the form and manner contemplated by the act.   Before doing the work, however, he obtained two orders from the judge of the court of the same date, one fixing his fees therefor, the other directing that he index the records of his office, as provided by said chapter 181, from the organization of such office to date, and to charge his fees for such indexing to the county "for all cases disposed of or in judgment," and in cases still pending to include his fees in the taxable costs, presumably against the unsuccessful party.   The question before us, which is raised by a general demurrer to a complaint, is, can the appellant county be held liable for all the indexing alleged to have been done pursuant to the order and under the law?   We are clearly of the opinion that it cannot.   The statute directs that "it shall be the duty of the clerk of the district court of every county in this state to procure, at the expense of the county, two well-bound books, to be de-

nominated  *  *  *,  to be ruled and printed substantially in" a given manner.   There is no attempt elsewhere in the law to fix an obligation of any description upon the county, and its liability must not be spelled out by forced construction or far-fetched inference. It is not enough that public or private convenience may require the books to be kept; nor can the county be assessed because no one else can be made to respond.   The obligation must be apparent. That a county cannot be held responsible for the fees of its officers who may be required to keep records of a like character, or for such services as they may be called upon to perform officially, except there be a statutory provision covering the case, is directly held in *Nordin* v. *Com'rs of Kandiyohi County*, 23 Minn. 171; *Wilcox* v. *County of Sibley*, 34 Minn. 214, (25 N. W. Rep. 351.)   We do not wish to be understood as holding that the statute under discussion made it the duty of the clerks of court to perform this work; that is, to prepare indexes of all judgment records existing in their respective counties prior to the passage of the law.   That question is not before us.

It is further urged by the respondent that the county may be bound by the orders of the district judge before mentioned.   By Gen. St. 1878, *c.* 70, § 2, the judge is authorized to establish, by rule or order, fees for such services of the clerk as have not been provided for by law.   And in chapter 28, Laws 1883, the court may direct that the clerk procure, at the expense of the county, and keep such books, in addition to those enumerated, as it may deem essential.   In neither of these enactments is there any intimation that the fees which may accrue under such orders shall be chargeable to the counties. In the absence of a statute, a county cannot be made liable on the mere order of the court for services of the kind rendered in this instance.

Order reversed.        &