CHARLES E. MOUSSEAU v. CITY OF SIOUX CITY, AND WOODBURY COUNTY, Appellant.

**Special Policeman at Election:** COMPENSATION: A special policeman appointed to serve at a general election cannot recover for his services from the city or county unless statutory provision for his compensation is made.

SAME. Code, section 1129, declaring that the expenses of providing election booths, guard rails, and other things required for elections, shall be paid in the same manner as other election expenses, does not make the county liable for the services of special policemen appointed to serve at a general election.

SAME. Code, section 1126, authorizing the city to "employ" special policemen at elections to prevent violation of the election law does not make the city liable for the services of such policeman, since the word "employ" does not imply an obligation to pay for services rendered, except when applied to a servant or hired laborer.

*Appeal from Woodbury District Court.*—Hon. George W. Wakefield, Judge.

Friday, February 1, 1901.

The petition alleged tha on or about November 1, 1198, the plaintiff and 18 others, whose claims had been assigned to him, were appointed and acted as special policemen during the day of the general election, and he prayed judgment for the reasonable value of such services. The city in its demurrer questioned its liability, on the ground that such services were chargeable to the county, and not to it. The county's demurrer was based on the absence of any provision of the Code fixing its liability. The city's demurrer was overruled, and as it failed to plead over, judgment was entered as prayed, and it appeals. The demurrer of the county was sustained.—*Reversed.*

*F. E. Gill* and *J. N. Weaver* for appellant.

*Hallam & Stevenson* for Woodbury county.

Ladd, J.—No recovery for services rendered by public officers may be had unless compensation is directed by statute. *Guanella v. Pottawattamie County,* 84 Iowa, 36; *Howland v. Wright County,* 82 Iowa, 165. The state is not bound to provide for such payment, and he who takes employment under its agency accepts, with the honors, the burdens also. *Jefferson County v. Wollard,* 1 G. Greene, 432. And a claim against a city or county is not just unless the law somewhere requires or authorizes its payment. *Foster v. Clinton County,* 51 Iowa, 541; *Turner v. Woodbury County,* 57 Iowa, 440. Whether plaintiff may recover, then, must be ascertained solely from the Code. Section 1125 reads: "The city council shall detail and employ, on the nomination of the principal political committee of each political party recognized as the two lead-

ing parties, from citizens, or the police force of the city, from two to four special policemen for each precinct, and fully empower them for the special occasion of each election, who shall be men of good character and reputation, in equal numbers from each of the leading political parties, to prevent the violation of any of the terms, provisions or requirements of this chapter, or of any other command made in pursuance of any of the provisions hereof, and no other police officer than those above named shall exercise his authority for preserving order at or within one hundred feet of such voting places, unless called in by an emergency. If no policeman be in attendance, the judges of election may appoint one or more specially, by writing, who shall have all the powers of such special policeman." It will be observed that it is made the duty of the city council to employ the policemen, and only when this duty has not been discharged may the judges of election appoint, and even then it is discretionary.

2    The only section of the Code which might be construed as fixing liability on the county is 1129: "The expenses of providing booths, guard rails, and other things required in this chapter shall be paid in the same manner as other election expenses." But "things," as here employed, very evidently refer to other materials of the character of that enumerated and used in connection with the place of voting, such as shelves, ink bottles, and pens menitoned in section 1113, ballot boxes in section 1130 and section 1132, poll books and the like. It cannot be that services to be rendered by policemen are referred to as "things." Besides, the rate of compensation is nowhere specified, as is uniformly done throughout the Code with respect to county and state officers. As to which should, as a matter of right, pay is incidental only to reaching fair construction. It may be said, however, that even though the services be rendered at a general election, the necessity therefor in a large measure is peculiar to the city, and no injustice results from compelling its taxpayers to meet the expense. The policemen

have no part in conducting the election.   Their duty is lim-
ited to maintaining order, and carrying out the directions.
of the judges, for the prevention of the violation of the elec--
tion laws.

This much may be said in justification of the require--
ment that the council make such use of the police force of
the city.   But no provision is made for the compen-
sation of those nominated by political parties.   From
the word "employ," as here used, the obligation to.
pay for the services to be rendered cannot be implied.   Ac-
cording to Webster, the word means "to use; to have in ser--
vice; to cause to be engaged in doing something; to have or
keep at work; to give employment or occupation to; to in-
trust with some duty or behest."   It means no more than the-
council shall intrust these duties to, and require their per-
formance by, certain persons.   The idea of hiring, in which.
a request and agreement to pay is implied, is never included
in the meaning of "employ," save when applied to a servant
or hired laborer.   See *McCluskey v. Cromwell,* 11 N. Y.
593, and *Emmons v. Elderton,* 4 H. L. Cas. 624.   It has
sole reference to a private agreement; for, as said at the
outset, an agreement to pay for official service may not be·
implied as against the public, and officers are not to be com--
pensated in money unless this is directed by statute.   While
an office may be an employment, an employment is not al-
ways an office.   There is a   manifest   difference   between
them.   We need not stop here to dwell on the distinction.
The authorities are reviewed in *Daily Leader v. Cameron*
3 Okla. 677 (41 Pac. Rep. 635).   See *People v. Langdon,*.
40 Mich. 673; *Bunn v. People,* 45 Ill. 403; *Brown v. Tur-
ner,* 70 N. C. 99.

Our conclusion that the idea of compensation is not to
be implied from the use of this word is strengthened by the
circumstance that fees to be allowed are not fixed in
the Code.   Nor do they appear to have been provided..
by any ordinance under section 676 of   the   Code...

Possibly the omissions referred to ·are due to· an oversight ·on the part of the legislature.   If so, it is not the province of .the court to supply them.—REVERSED.