TALBOT COUNTY v. MANSFIELD.

LITTLE, J. 1. Under the Penal Code, § 920, a person charged with crime may, under certain circumstances, be sent or committed to the jail of a county other than that in which the crime was committed, for safe-keeping. When this has been done, the person so committed is in the full care and custody of the county authorities which by statute have charge of the jail in which such person is confined, so long as he remains in such jail.

2. An obligation is imposed by law on the county where the crime was committed, and from which such person was sent, to pay to the county in the jail of which he was confined all necessary jail fees, costs, etc., incurred in behalf of the prisoner, among which is necessary medical attention rendered to such prisoner ; and if payment thereof is refused or is not made, the county incurring such expense has a right of action against the county from which such prisoner was sent, to recover the same.

3. The law, however, creates no liability against the county from which the accused person was sent, in favor of an individual who gave medical attention to such prisoner, on the request of, and under a contract to do so, made with the keeper of the jail.

4. A county is not liable to be sued unless liability is fixed or the suit is authorized by statute.

5. The trial judge erred in overruling the motion for nonsuit, and in directing a verdict for the plaintiff.

   *Judgment reversed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided June 11, 1902.

Complaint. Before Judge Butt. Talbot superior court. September 13, 1901.

A prisoner charged with crime in Talbot county was sent to the jail of Muscogee county for safe-keeping. While there confined his condition demanded the attention of a physician, and as such the plaintiff (who was the physician employed by Muscogee county) visited him a number of times, at the request of the jailer. For the services thus rendered payment was demanded of Talbot county by the plaintiff, and was refused. Suit was brought; and on the trial, after the introduction of evidence for the plaintiff, the defendant moved for a nonsuit on the grounds, that no contract between the plaintiff and the defendant was shown, and that no statute authorizes such suit. The motion was overruled, and a verdict for the amount sued for was directed, there being no contradiction of the evidence as to the rendition of the services and their value. The defendant excepted.

*Persons & McGehee*, for plaintiff in error.
*J. J. Bull*, contra.