BOARD OF COM'RS OF WASHITA COUNTY v. BRETT.

No. 1841. Opinion Filed May 14, 1912.

(124 Pac. 57.)

1. COUNTIES—Claims Against County—Validity. One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial.

2. SAME—Telephone· Service. A county attorney, without authority from, or a contract express or implied with, the board of county commissioners, had installed a telephone in his office, and paid the rentals thereon for two years, when he filed a claim for reimbursement from the county, which was disallowed by the county commissioners. The county provided a telephone in the office of the sheriff. Held, that the judgment of the district court awarding him judgment on appeal was erroneous.

(Syllabus by Brewer, C.)

*Error·from District Court, Washita County;*
*James R. Tolbert, Judge.*

R. Brett presented a claim to the Board of County Commissioners of Washita County, and, on refusal to allow the bill, judgment was rendered against the county on appeal by the district court, and the Board of County Commissioners brings error.. Reversed, and judgment rendered.

*Massingale & Duff,* for plaintiff in error.

*Rutherford Brett, pro se,*

Opinion by BREWER, C. This is a controversy between the county attorney and board of county commissioners of Washita county, and grew out of the disallowance of the claim of the attorney for telephone rent. The commissioners refused to allow the bill. On appeal to the district court judgment was rendered against the county. From this judgment this appeal is prosecuted by the county.

We summarize from an agreed statement the following material facts: Defendant in error was at all times mentioned herein county attorney of Washita county. The commissioners did not provide, or authorize him to provide, a telephone in his office, but paid, when presented, all long-distance tolls necessary in the conduct of the business of the county attorney. Prior to February, 1908, the attorney filed a claim for telephone rent which was disallowed, and no appeal taken. Two years later the attorney put in a claim for $66 to cover sums paid by him for rent on a telephone in his office the two years preceding. The commissioners did not authorize the expense against the county, and refused to allow the bill. The attorney transacted his private law business in the same office, but the phone was largely used in regard to public business; but it was used to some extent in the attorney's private business. The sheriff was the only other county officer who had a telephone in his office. On these facts the court held that the claim was a legitimate charge against the county, and should be paid out of the county funds.

The question here, then, is not whether the commissioners could in the exercise of their judgment and discretion in managing the county business and affairs in the interest of its finances have provided the telephone, and lawfully paid for it out of the public funds; but rather is it whether, contrary to their judgment or the necessity and propriety of burdening the county with expense, the court should say as a matter of law that over their objection, and without their consent, a county attorney can use

his own judgment and discretion, and incur this expense, and that, when so incurred, it becomes a legal and collectible claim against the county. The trial court must have held this latter view, and to this we cannot assent. If the county attorney has this power, why have not all the other county officers equal power? If he can exercise his judgment in incurring and binding the county for this kind of charge, why not other kind of charges that he may think necessary for the county business? If he can do this, and other officers can do the same, then who manages the county business? The answer would be, no one officer or board in particular, but all of them independently.

There is no express warrant of law, or statutory authority, requiring the county commissioners to so equip the attorney's office. The law does require certain equipment. Section 1671, Comp. Laws 1909, in the fifth subdivision, requires them to furnish to it "necessary blank books, plats, blanks and stationery, also a fire proof vault for the use of the various officers in safeguarding the records of the county." Section 1684, Comp. Laws 1909, makes provision in case there be no courthouse, or if there be one, and it is insufficient, that courtroom, jail, and offices be procured for the county officers, including county attorney. Section 1673, Comp. Laws 1909, extends the authority, and imposes the duty on the commissioners to "superintend the fiscal concerns of the county, and secure their management in the best manner." Other sections of the statute give to this board the power to examine and dispose of claims against the county, etc. In fact, under our system, the board of county commissioners manage and direct the affairs of the county. They represent the county in its corporate capacity, and necessarily have a discretion to be exercised in the matter. The attorney does not claim that any statute specifically authorized this charge. He admits that there was no contract with the board to incur or pay it under their general powers of superintending and conducting the affairs of the county in its financial interest. On the contrary, he stands on the broad proposition that it was a necessary thing to be provided; that, in fact, it was a financial saving to the county,

in time and money; and that independent of any statute requiring it, and of any contract, or the consent of the board, he could, contrary to their judgment, exercise his own, and compel the payment in a suit against the county.

The general rule is:

"One who asks payment of a claim against a county must show some statute authorizing it or that it arises from some contract express or implied which finds authority of law. No claims are chargeable on a county treasury or can be paid therefrom, except such as the law imposes on the county or empowers it to contract for, either expressly or as a necessary incident, and no officer of the county can charge it with the payment of other claims, however meritorious the consideration, or whatever may be the benefit the county may derive from them; and where a statute prescribes that certain things shall be done at the expense of the county by certain officials of the county, or by persons designated by them, only such officials or persons designated can put the county to expense for such items." (11 Cyc. 498).

*Board of Com. v. Watson,* 7 Okla. 174, 54 Pac. 441; *Irwin v. County of Yuba,* 119 Cal. 686, 52 Pac. 35; *Crocker v. Supervisors,* 35 Wis. 284; *Towsley v. Ozankee County,* 60 Wis. 251, 18 N. W. 840; *Sears v. Gallatin County,* 20 Mont. 462, 52 Pac. 204, 40 L. R. A. 405; *Van Eppes v. Commissioners' Court,* 25 Ala. 460; *Person v. Ozark County,* 82 Mo. 491; *Rasmusson v. County of Clay,* 41 Minn. 283, 43 N. W. 3; *Mousseau v. Sioux City,* 113 Iowa, 246, 84 N. W. 1027; *Board of Sup'rs of Peoria County v. Roche,* 65 Ill. 77; *Talbot County v. Mansfield,* 115 Ga. 766, 42 S. E. 72; *Desha County v. Newman,* 33 Ark. 788.

The cause should therefore be reversed and judgment entered in accordance with this opinion.

By the Court: It is so ordered.