## ANDERSON v. BOARD OF COM'RS OF GRANT COUNTY.

No. 3907. Opinion Filed October 27, 1914.

(143 Pac. 1145.)

1.    **COUNTIES—Liability for Claim—Burden of Proof.** One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is demanded were beneficial.

2.    **SAME—County Treasurer—Compensation—Extra Duties.** When the Legislature increases the duty of an officer, by the addition of other duties germane to the office, he must perform

them without extra compensation, unless extra compensation is provided for by law.

3. **OFFICERS—Compensation—Burden of Proof—Statute.** Before an officer in this state is entitled to draw money from the public treasury for fees or compensation, he must be able to point out statutory authority for its payment to him.

4. **COUNTIES—Compensation of Officers—Allowance of Illegal Claim—Effect to Bar Suit to Recover.** The board of county commissioners is without jurisdiction to allow a claim of a county officer for compensation not authorized by law; and an order so doing, though unappealed from, is not a bar to a suit by the proper authorities to recover the sums illegally drawn from the county treasury by means of such order.

(Syllabus by Brewer, C.)

*Error from District Court, Grant County;*

*W. M. Bowles, Judge.*

Action by the Board of Commissioners of Grant County against L. D. Anderson. Judgment for plaintiff, and defendant brings error. Affirmed.

*F. G. Walling,* for plaintiff in error.

*Emery H. Breeden,* Co. Atty., for defendant in error.

Opinion by BREWER, C. The board of county commissioners of Grant count, as plaintiff in the lower court, sued L. D. Anderson, former county treasurer· of said county, for certain sums of money, aggregating $248.25, alleged to have been illegally drawn from the county treasury over and above the compensation and salary allowed him by law. The defendant answered, admitting that he was the county treasurer at the time· alleged, and that he filed claims for and received warrants for the sums mentioned; but, further answering, he alleged that the sums were withdrawn from the treasury to pay—

"for extra assistance necessarily employed by him to perform work in the office of the county treasurer of said county, which said work was not a part of the ordinary duties of the said office, that the claims therefor were duly audited and allowed by the board of county commissioners of said county, and that no appeal was taken from such action of the board."

It appears that the extra work of the office for which the claims were made, grew out of making the refunds to various taxpayers of the amount of their state taxes paid in for the year 1907, which the Legislature (Session Laws 1907-08, page 721) ordered rebated to them. The court sustained a demurrer to the answer, whereupon defendant refused to plead further, and judgment was entered against him for the amount claimed, from which judgment he prosecutes this appeal.

It is not contended by the defendant that there was any provision of law authorizing him to receive this extra compensation for performing the duties imposed upon him by the Legislature. His contention is summarized in the brief as follows:

"We believe the authorities establish the following proposition: First, that the public officer is not only entitled to extra compensation for extra services, but is always entitled to actual expenses necessarily incurred in the performance of the duties of the office."

A number of authorities are cited to sustain this contention, but in this state the rule is otherwise. Section 3366, Comp. Laws 1909 (Rev. Laws 1910, sec. 3193), provides:

"That the officers and persons herein mentioned shall be entitled to receive for their services only the fees and compensation herein allowed, and no other, except as may be otherwise required by law."

The salary for county treasurers during the time involved is found in section 3398, Comp. Laws 1909 (Rev. Laws 1910, sec. 3212), which says:

"The county treasurers of the several counties of this state shall be allowed by the board of county commissioners of their respective counties, as full compensation for their services, the following annual salary: [Salary based on population.] * * * The treasurer to pay all clerk and deputy hire out of his salary."

Section 3399, Comp. Laws 1909 (Rev. Laws 1910, sec. 3215), allows a small additional sum, according to the population of

the county, for clerk hire, to be paid out of the county treasury on the order of the board of county commissioners; but it is not claimed that the sums involved here come under this section. In the case of *Board of County Commissioners of Washita County v. Brett*, 32 Okla. 583, 124 Pac. 57, the following general rule, as announced in 11 Cyc. 498, was quoted with approval:

"One who asks payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law. No claims are chargeable on a county treasury, or can be paid therefrom, except such as the law imposes on the county, or empowers it to contract for, either expressly or as a necessary incident, and no officer of the county can charge it with the payment of other claims, however meritorious the consideration, or whatever may be the benefit the county may derive from them; and where a statute prescribes that certain things shall be done at the expense of the county, by certain officials of the county, or by persons designated by them, only such officials or persons designated can put the county to expense for such items."

And the following authorities seem to support the rule: *Board of Com. v. Watson*, 7 Okla. 174, 54 Pac. 441; *Irwin v. County of Yuba*, 119 Cal. 686, 52 Pac. 35; *Crocker v. Supervisors*, 35 Wis. 284; *Towsley v. Ozaukee County*, 60 Wis. 251, 18 N. W. 840; *Sears v. Gallatin County*, 20 Mont. 462, 52 Pac. 204, 40 L. R. A. 405; *Van Eppes v. Commissioners' Court*, 25 Ala. 560; *Person v. Ozark County*, 82 Mo. 491; *Rasmussen v. County of Clay*, 41 Minn. 283, 43 N. W. 3; *Mousseau v. Sioux City*, 113 Iowa, 246, 84 N. W. 1027; *Board of Sup'rs of Peoria County v. Roche*, 65 Ill. 77; *Talbot County v. Mansfield*, 115 Ga. 766, 42 S. E. 72; *Desha County v. Newman*, 33 Ark. 788.

And in the syllabus to the Brett case it is said:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial."

And we have authority more exactly in point in *Finley v. Territory,* 12 Okla. 621, 73 Pac. 273, wherein it is said:

"A public officer is bound to perform the duties of his office, no matter how onerous they may be, for the compensation fixed by law."

And precisely in point is the case of *Broaddus v. Commissioners of Pawnee County,* 16 Okla. 473, 88 Pac. 250, wherein it is said:

"When a statute increases the duties of an officer by the addition of other duties germane to the office, he must perform them without extra compensation, unless such extra compensation is provided for in the statute."

The statement above quoted from the Broaddus case was the holding of the Supreme Court of the United States in the case of *U. S. v. King,* 147 U. S. at page 676, 13 Sup. Ct. 439, 37 L. Ed 328.

That the additional duty, imposed upon the various county treasurers in the western part of the state, of refunding to the taxpayers the amount of the state taxes they had paid into the various county treasuries, was a duty germane to that office, and such as the Legislature had a right to impose upon the officers, without extra compensation therefor, does not seem open to controversy. It is, therefore, quite clear in this case that Mr. Anderson drew out of the county treasury the sums sued for illegally. They were paid him without authority of law. He had no right to receive them, nor did the county commissioners have any authority to allow and pay them. Before an officer of this state is entitled to draw money from the treasury, for fees or compensation, he must be able to point out statutory authority for its payment to him. *State ex rel. v. Hooker,* 26 Okla. 460, 109 Pac. 527; *Board of Com'rs of Oklahoma Co. v. Twyford,* 39 Okla. 230, 134 Pac. 968; *Goggeshall v. Conner,* 31 Okla. 113, 120 Pac. 559, 39 L. R. A. (N. S.) 81, Ann. Cas. 1913D, 577; *Ticer v. State,* 35 Okla. 1, 128 Pac. 493, and cases cited.

2. The defendant makes the further claim that he is pro-tected against a judgment to restore to the county this money, for the reason that the same was allowed him by the board of county commissioners, and no appeal was taken therefrom. Not so; it is quite immaterial that defendant procured this illegal compensation through an order of the board. The county commissioners were without jurisdiction or authority to allow an officer extra compensation not authorized by law. The officer receiving salary, fees, or other compensation from the county treasury, to which he is not entitled, is liable therefor at the suit of the county, notwithstanding the fact that he may have appropriated them through an order of the board of county commissioners. *Allen v. Bd. Com. Pittsburg Co.*, 28 Okla. 733, 116 Pac. 175, citing *Osterhoudt v. Rigney*, 98 N. Y. 232. See, also, *Ada Co. v. Gess*, 4 Idaho, 611, 43 Pac. 71; *Bd. v. Buchanan*, 21 Ind. App. 178, 51 N. E. 939; *Bd. v. Heaston*, 144 Ind. 583, 41 N. E. 457, 43 N. E. 651, 55 Am. St. Rep. 192; *Gross v. Bd.*, 158 Ind. 531, 64 N. E. 25, 58 L. R. A. 394.

The cause should be affirmed.

By the Court: It is so ordered.