## CROSS TP., KAY COUNTY, v. WALLACE.

No. 6450.    Opinion Filed May 16, 1916.

(157 Pac. 898.)

1. **TOWNSHIPS—Contracts—Execution.** One member of a township board cannot bind such township to pay for the construction of a highway without first having been authorized to perform such work by a majority of said board while in session.

2. **SAME—Claims—Statutory Authority.** One who demands payment of a claim against a township for the construction of a highway must show some statute authorizing it, or that it arises from a lawful contract; it is not sufficient to show that the labor performed, for which payment is demanded, was beneficial.

(Syllabus by Rittenhouse, C.)

Error from County Court, Kay County;
Claude Duval, Judge.

Action by W. F. Wallace against Cross Township, Kay County. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

W. S. Cline and E. L. Cline, for plaintiff in error.

Louthan & Burns, for defendant in error.

Opinion by RITTENHOUSE, C. This suit was brought by W. F. Wallace against Cross Township, Kay county, to recover $483.03 upon 25 rejected claims for work performed upon the public highways within such township, which were assigned to plaintiff, presumably for the purpose of avoiding a multiplicity of suits. The sole question necessary for a determination of this suit is whether the improvements were authorized by the township board. This board was composed of C. E. Beach, J. C. Mers, and M. A. Dunlap. The trial court found

from the evidence that there was no meeting of the township board at which W. F. Wallace, or any other party, who claimed to have performed work upon the highway, was employed, or authorized to do such work; and that the board did not ratify the employment of the several parties whose claims are the subject of this suit. The court further found that on September 24, 1913, J. C. Mers and M. A. Dunlap, two members of the board, caused to be posted near the place where the work was being performed a notice that the township would not be responsible for such work. This was the only meeting held by the board at which the improvements were under consideration. The only other meeting at which this subject was discussed was held December 28, 1913, and was attended by J. C. Mers, M. A. Dunlap, and C. E. Beach. At this meeting the claims in controversy were disallowed. The trial court concluded as a matter of law that, while the township board had not authorized the improvements and did not employ the parties to do the work, yet the trustee, who is also *ex officio* chairman of the board of highway commissioners, having employed the men and superintended the work, which it is claimed was necessary, and the township having received the benefits of such improvements, it was liable in *quantum meruit*, and judgment was rendered accordingly. In this conclusion of law the court erred. Section 8178 *et seq.*, Rev. Laws 1910, provide that in each township there shall be a township board, composed of the township trustee, township treasurer, and township clerk, which shall meet at the office of the township clerk for the purpose of transacting business. These sections clearly contemplate that the business of the township shall be transacted by the board at their semiannual meeting, and at such other meetings as the interest of the

township may require. The findings of fact by the court, which are sustained by the evidence, are that there was no authority given by the board for the improvements in question, nor was there a ratification or acceptance of such improvements, but, on the contrary, notices were posted by the board, which action was authorized at the meeting of such board on September 24, 1913, that the township would not be liable for the cost of these improvements. So we have a condition in which the board: (1) Did not authorize the improvements; (2) caused notices to be given that the township would not be responsible for the cost of the improvements; and (3) disallowed the claims. In the view we take of this case, we are unable to see what more the board could have done to have stopped these unauthorized public improvements. The plaintiff relies upon the case of *Doyle et al. v. School Dist. No. 38, Noble County*, 30 Okla. 81, 118 Pac. 386, to support the contention that the improvements were of benefit to the township, and therefore the township was liable. This court held in that case that where a school district had accepted the benefits of an employment, it should be deemed to have ratified the irregular employment, and thereby become bound to pay a reasonable price for such benefits. In the body of the opinion, the court says:

"In coming to this conclusion, we are not unmindful of the long and unbroken line of the decisions which hold that quasi public corporations cannot be held liable on implied contracts, with all of which we most heartily agree. But this case presents an exception to the general rule, in that a full and complete ratification has been given by the school district to the irregular acts of the two members of the school district board."

If, in the case at bar, the township board had ratified the irregular acts of C. E. Beach, then we would consider the foregoing citation as authority and binding upon us, but the township board has never ratified the irregular acts—this is shown by the specific findings of the trial court—and therefore the instant case does not come within the exception.

It is the general rule in this jurisdiction that where several persons are authorized to perform a public service as an organized body, which requires deliberation, they should be convened in a body, in order that they may have the counsel and advice of every member, although they may not all be of the same opinion concerning the matter in hand. *Ryan v. Humphries,* 50 Okla. 343, 150 Pac. 1106, L. R. A. 1915F, 1047. In the case of *Mahr v. Board of Commissioners of Pottawatomie County,* 26 Okla. 628, 110 Pac. 751, this court held that:

"One member of a board of county commissioners cannot bind the county to pay for the services of a physician in attendance upon the poor without first having been authorized thereto by a majority of said board whilst in session."

In the case of *School District No. 39 v. Shelton,* 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962, this court said:

"The power to make or alter contracts for a school district is vested in a board of directors, and in order to bind the district and to make or alter a valid contract in respect to the hiring of teachers, it is necessary that the members of the board act as a board in its capacity as such. In such a case the acts and declarations of individual members of the board, independent and apart, will not create a contract enforceable against the district."

In the case of *Board of County Commissioners of Cleveland County v. W. H. Seawell*, 3 Okla. 285, 41 Pac. 593, it is said:

"It is claimed that one of the individual members at a time subsequent to the date upon which the contract was entered into had a conversation with Seawell, in which such member consented to begin occupation of the building on February 9th. Article 6, c. 24, Laws of 1890, which provides for a board of county commissioners, also makes provision for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under such law the only way by which the county could be bound upon a contract was by action taken by the board while it was in session. And the evidence of what was done were the records kept by the board. Under this law a board of county commissioners could only act to bind the county while they were sitting as a board, and an agreement of one of the members, in the absence of the others, could not bind such county."

It is conceded that the township board did not authorize the improvement of the highway in question. That C. E. Beach, one of the members of the board, upon his own responsibility, hired the labor and superintended the work, and this in view of the notice by the board that the township would not be responsible for the cost of such improvements. These improvements no doubt were beneficial to the township, but it is not sufficient to show that the improvements are beneficial in order to hold the township responsible for the cost thereof. The work must be authorized by the board or the irregular acts ratified. In the case of *Anderson v. Board of Commissioners of Grant County*, 44 Okla. 164, 143 Pac. 1145, this court held that:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is demanded were beneficial."

In *Board of Commissioners of Washita County v. Brett*, 32 Okla. 853, 124 Pac. 57, this court held that in order to hold a county responsible for services rendered, it is not sufficient to show that the services performed for which payment is claimed were beneficial. We therefore conclude that one member of the township board cannot bind the township for improvements unless the acts of such member be subsequently ratified, and that one who demands payment of claims against such township must show that the services performed, for which payment is claimed, were authorized; it not being sufficient to merely show that such services were beneficial.

The cause should therefore be reversed and remanded for a new trial.

By the Court: It is so ordered.