## JACKSON v. BOARD OF COUNTY COM'RS OF GARVIN COUNTY.

No. 7883—Opinion Filed Aug. 28, 1917.

(167 Pac. 227.)

1. **Counties—County' Commissioners—Contracts.**

The board of county commissioners cannot make a binding contract with any one to perform any service for the county which contract is not specifically authorized by law or necessarily incidental to the performance of some duty specifically lodged by law in the board of county commissioners.

2. **Counties—County Treasurer —Additional Employes — Power of County Commissioners.**

In case it becomes necessary for the office of county treasurer to have additional clerical force, the board of county commissioners may upon application of the county treasurer employ necessary clerk or clerks in addition to the regular clerical force and fix their compensation, provided that such additional employes are approved by the county treasurer, but any other contract entered into by the board of county commissioners for the performance of any duty by law incumbent on the office of county treasurer not specifically authorized by statute is void.

3. **Counties — Action for Services—Sufficiency of Petition.**

The allegations of the plaintiff as set forth in the opinion in the instant case examined,

and held not to state a cause of action in favor of the plaintiff and against the defendant.

(Syllabus by Stewart, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by W. K. Jackson against the Board of County Commissioners of Garvin County. From a judgment sustaining a demurrer to plaintiff's second cause of action, plaintiff appeals. Affirmed.

Stanley & Osborn, for plaintiff in error.

L. H. Hampton, for defendant in error.

Opinion by STEWART, C. The plaintiff in the second cause of action in his petition sets up a claim against defendant in the sum of $1,250 for alleged services performed between October 1, 1913, and April 1, 1914, on oral contract with the defendant board of county commissioners. The substantial averments are that $28,740 has been refunded by Garvin county to taxpayers for taxes collected under the erroneous impression that Indian allotments were taxable, such money being refunded by authority of section 14, c. 152, S. L. 1911, and paid by the county out of the sinking fund and funding bonds; that various claims have been erroneously allowed out of the sinking fund and bond issue; that when the taxes were originally paid the pro rata part of the state, various townships and school districts, had been remitted by the county treasurer in each case to such political entities; that in order for the county treasurer to withhold from such political entities the pro rata part of each of said erroneous tax payments, it was necessary that each tax receipt be examined for the information of the county treasurer, and that in cases where taxes had been refunded more than once the facts should be ascertained, and such payments collected from the persons to whom made; that the work was of such a character that it required the services of an expert accountant: that the anomalous condition which gave rise to the necessity for said work was not contemplated by the Legislature, and no specific provisions had been made for having such work performed; that the same could not be performed by the county treasurer or county clerk with the assistance of deputies allowed by law; that the plaintiff is an expert accountant and peculiarly fitted for such work; that he was employed by the defendant to perform the same, and did perform such work and place the results of this labor in the hands of the county treasurer; that Garvin county would have suffered loss had not the board of county commissioners employed some one to perform such work; that the board of county commissioners were vested with the authority as the fiscal managers of the county, and in the exercise of a wise discretion as such had authority to enter into such contract; that the amount claimed by plaintiff was a reasonable compensation for the services performed; and that the claim has been duly presented to the board of county commissioners and disallowed for want of funds.

The court sustained a general demurrer to such allegations as not stating a cause of action in favor of the plaintiff, and, exceptions being properly saved, the plaintiff appealed, and such action of the trial court is presented for review.

Plaintiff in his brief states his contention to be as follows:

"It is the contention of plaintiff that, if the employment of plaintiff to perform such services be not authorized by specific statutory provisions, the commissioners, as the fiscal agents of the county, in the exercise of their supervisory discretion over the business concerns of the county, had authority to make such contract."

We have examined the authorities presented by plaintiff. If the rule in this state were the same as that of the states from which such authorities are collated, there would be some merit in the plaintiff's contention. However, we do not think that the authorities cited go so far as to hold that when a county officer is charged by law with the performance of certain duties, the board of county commissioners, as the fiscal agents of the county, have the power to employ others to perform such duties or to assist therein in the absence of express statutory authority therefor. In the Board of County Commissioners of Washita County v. Brett, 32 Okla. 853, 124 Pac. 57, Commissioner Brewer announces the rule in this jurisdiction as follows:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial."

Section 3, c. 186, Session Laws 1913. reads:

"Any member of the board of county commissioners, township board, city council, board of trustees of incorporated town knowingly wilfully and intentionally allowing any claims or entering into any contract on the part of such county, township, city or incorporated town, not specifically authorized by law, shall be deemed guilty of a felony and upon conviction shall be punished by im-

prisonment in the penitentiary for a term not to exceed five years, and the official bond of said officer shall in any event be liable for the amount or amounts of money so unlawfully expended or misappropriated."

The foregoing section was in force at the time of the alleged making of the contract in question with the board of county commissioners. Unless the contract under consideration was at the time specifically authorized by law, the same cannot be enforced. If members of the board of county commissioners can be prosecuted criminally for wilfully and intentionally entering into such a contract, it must necessarily follow that, if entered into, the same would not bind the county. We do not find that there is any specific authority in our statutes for the making of such a contract by the board of county commissioners, nor can it be urged that the contract was merely incidental to the carrying out of duties incumbent upon the board of county commissioners in matters for which there is specific statutory authority. Under some circumstances auditors may be employed for the purpose of going over the books and files of county officers and making reports for the information of the board of county commissioners and for the public, but the statutes do not vest the board with discretion to employ any one to perform work or discharge duties incumbent, under the law, upon the officers of the county. In this state it is the duty of the county treasurer to receive all moneys belonging to the county from whatever source they may be derived, and to pay out all moneys received by him for the use of the county on warrants of the board of county commissioners drawn according to law. It is his duty to keep accounts showing disbursements made by him, the amounts paid, and all facts connected therewith. His books shall be arranged so as to show in separate columns the amount paid on each separate and distinct account or appropriation, and at the end of each calendar month he shall apportion all collections for said month and distribute the same to the funds to which they belong and furnish the county clerk with a statement showing the amounts apportioned to each municipality, whereupon warrants payable to such municipalities may be drawn by the clerk. The alleged contract between the plaintiff and the board of county commissioners of Garvin county therefore invades the province of the county treasurer; the work which plaintiff claims to have performed, if necessary at all, belonged to the office of the county treasurer. It is not legitimate argument to urge that the duties were so technical and intricate that they could not be performed by the treasurer's of-

fice. It is not to be presumed that the county treasurer and his deputies are so inefficient as not to be able to make such ordinary computations, and the presumption is that the county has selected persons capable of performing the duties imposed upon them by statute. There are, as a matter of fact, no intricacies connected with the work alleged to be performed by plaintiff which cannot be solved by persons of ordinary intelligence accustomed to accounting and bookkeeping.

To meet the possible contingency of the county treasurer at times being burdened with duties which the ordinary clerical force may not be sufficient to discharge, our Legislature has enacted the following statute:

"The county commissioners in all counties in this state are hereby given power and authority to employ additional clerks for the office of the county treasurer upon application of the treasurer where, in their judgment, they consider such additional clerk or clerks necessary, and fix their compensation in addition to clerk hire now prescribed by law: Provided, that such additional employes are approved by the county treasurer." Section 1737, Rev. Laws 1910.

It does not appear from the allegations in the petition that the plaintiff was employed as an additional clerk for the county treasurer, or that his employment was approved by such officer, and it is not urged that he was acting under such authority. The work performed by him had no official standing. If the plaintiff, in good faith, has performed several months' work for the county for which service the law does not authorize payment, it is unfortunate, but persons dealing with public officers are charged with notice of the limitations to contract which the law imposes. Men claiming to be expert in auditing county affairs, as the plaintiff claims to be, should also have some actual knowledge of the powers of boards of county commissioners. We suggest, at any rate, that a little forethought on the part of the plaintiff and the board in seeking advice from the county attorney or Attorney General, no doubt, would have prevented the trouble.

We are of the opinion that the allegations of plaintiff as set forth herein do not state a cause of action. As in line with the views expressed, we call attenton to the following decisions of this court: Theis v. Board of County Commissioners, 22 Okla. 333, 97 Pac. 973; Anderson v. Board of County Commissioners, 44 Okla. 164, 143 Pac. 1145; Zeigler v. Board of County Commissioners, 44 Okla.

266, 144 Pac. 381; Morrow v. Board of Commissioners, 31 Okla. 636, 122 Pac. 168.

The judgment of the trial court is affirmed

By the Court: It is so ordered.