## BOARD OF COM'RS OF NOBLE COUNTY v. WHITNEY.

No. 9355—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 112.)

### 1. Counties—Payment of Claims.

The law is well established in this jurisdiction that one who demands payment of a claim against a county must show some statute authorizing it or that it arises from some contract, expressed or implied, which finds authority of law; and it is not sufficient that the services performed for which payment was demanded are beneficial.

### 2. Counties—Appropriations for Farm Demonstration—Notice.

Under chapter 76, Sess. Laws 1913, the respective counties of this state were authorized to appropriate and use any sum or sums of money not exceeding $500 per year for the purpose of co-operating with the United States Department of Agriculture in conducting farmers' demonstration work in their respective counties as provided for therein, but before doing so, however, notice of such appropriation, setting a date for a hearing thereof, should be published for four consecutive weeks, so that persons interested might remonstrate against the same. Held, under this act, the proviso thereof must be complied with before the power and authority to make the appropriation may be exercised.

(Syllabus by Hooker, C.)

Error from County Court, Noble County; A. Duff Tillery, Judge.

Action by Luella B. Whitney against the Board of County Commissioners of Noble County. Judgment for plaintiff, and defendant brings error. Reversed and remanded

H. A. Smith, for plaintiff in error.

Johnston, Robinson & Rice, for defendant in error.

Opinion by HOOKER, C. On the 22d day of February, 1916, Mrs. Whitney instituted this action against the board of county commissioners of Noble county to recover compensation alleged to be due her for services performed for the county in the year 1915. And the facts here disclose that in December, 1914, the board of county commissioners of Noble county entered into an agreement with the Department of Agriculture of the United States, whereby it was mutually agreed that for the year 1915, beginning January 1st of that year, the Department of Agriculture should select and appoint a woman agent to conduct and carry on the farm extension work of said Department of Agriculture in Noble county, Okla., and that she was to receive for her services the sum of $75 per month for the time employed, not to exceed 10 months in that year, and that one-half of said compensation should be paid by the Department of Agriculture and one-half by said Noble county and that the Department of Agriculture had certified that she had performed the work. It is shown here that the Department of Agriculture had selected her to perform said work for said period of time, and, as she accepted the employment and performed the services, that the county had paid its part of her compensation up to June 1, 1915, and declined to pay the balance; that she had duly filed her claim with the board of county commissioners, and same had been rejected. The board of county commissioners declining to pay for her services after the 1st day of June, 1915, after the performance thereof and the failure to pay, she instituted this suit, and the defense of the board of county commissioners is that it had no authority to execute the contract, and for that reason the defendant in error is not entitled to recover.

As we view this record, the only thing necessary to determine in this case is the authority of the board of county commissioners to make this contract.

The law is well settled in this jurisdic-

tion that one who demands payments of a claim against a county must show some statute authorizing it or that it arises from some contract, expressed or implied, which finds authority of law; and it is not sufficient that the services performed for which payment was demanded are beneficial. Anderson v. Board of County Com'rs, 44 Okla. 164, 143 Pac. 1145; Board of Commissioner's v. Brett, 32 Okla. 853, 124 Pac. 57.

By reference to the statute in force at the time of the execution of this contract, we find that the Legislature in 1913 (chapter 76) authorized the county commissioners of the respective counties of this state to appropriate and use, under such rules and regulations as they may prescribe, any sum or sums of money, not exceeding $500 per year, for the purpose of co-operating with the United States Department of Agriculture in conducting farmers' demonstration work in their respective counties, along the same lines as this work is and may be conducted by the United States Department of Agriculture, and upon such terms and conditions as may be agreed upon between the agents of the Department of Agriculture and the county commissioners, provided, however, that before making such appropriation, notice of the same, setting a date for a hearing, shall be published for four consecutive weeks in some weekly paper of general circulation in the county, and every person interested shall have the right to appear and be heard or file a remonstration against such action contemplated by the county commissioners.

It is apparent from an examination of this statute that the right and power of the board of county commissioners to appropriate and use this amount of money for the purposes designated in the act is limited by the proviso of the statute which requires, before said appropriation is made, that notice of the same setting a date for a hearing shall be published for four consecutive weeks in some weekly paper of general circulation in the county, so that persons objecting may be heard and remonstrate.

The rule is well established in this jurisdiction that a "proviso" of a statute is a clause which generally contains a condition that a certain thing shall or shall not be done in order that something in another clause shall take effect. It implies a condition and defeats the operation of the antecedent clause conditionally. Trimmer v. Rennie, 43 Okla. 152, 141 Pac. 784.

Under the record here the board of county commissioners of Noble county did not attempt to comply with the proviso of this statute before making the appropriation for the purpose stated therein, and until this is done we are of the opinion that the board of county commissioners had no authority to appropriate any money for farmers' demonstration work in Noble county, Okla., or for the purposes contemplated by this statute.

The defendant in error knew the provisions of this statute, contracted with the board of county commissioners with full knowledge of what the board was required to do before it could make a lawful appropriation, and did so at her peril; and under the authorities cited we must hold she is not entitled to recover in this action until it is shown that this section of the statute has been complied with.

It is urged, however, by her that the county had the authority, independent of this provision of the statute, to make the contract in question and to expend the money for said purpose. With this contention we cannot agree as the board of county commissioners can only exercise such powers as are conferred upon them by the Constitution and the statute or such as may arise from necessary implication from an express grant. Tulsa St. Ry. Co. v. State, 26 Okla. 559, 110 Pac. 373.

The judgment of the lower court is, therefore reversed, and this cause remanded.

By the Court: It is so ordered.