## BOARD OF COUNTY COMMISSIONERS OF GRANT COUNTY v. RIDINGS.

No. 14021—Opinion Filed June 17, 1924.

### Appeal and Error—Absence of Answer Brief —Review.

Where plaintiff in error files his brief in this court as required by rule 7 of this court, and the defendant in error fails to file briefs and assigns no reason for such failure, this court is not required to search the record to find some theory upon which the judgment of the trial court may be affirmed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by Sam P. Ridings against the Board of County Commissioners of Grant County. From judgment in favor of the plaintiff, defendant brings error. Reversed.

W. H. C. Taylor, for plaintiff in error.

Opinion by PINKHAM, C. This is an appeal from the judgment of the district court of Grant county dismissing an appeal by the county attorney of Grant county from an order of the board of county commissioners of said county allowing the claim of defendant in error in the sum of $500, for services rendered as special attorney representing said board of county commissioners.

It appears that on the 28th day of December, 1921, the defendant in error filed his claim with the county commissioners of Grant county for services as special attorney representing said board of county commissioners by virtue of his employment to represent said county commissioners in the case of Board of County Commissioners of Grant County v. New Amsterdam Casualty Company, in the district court of Grant county, in which suit judgment was rendered in favor of Grant county.

On the 3rd day of January, 1922, the said claim was allowed by the said board of county commissioners, and a warrant drawn

for the same, and on January 4, 1922, the county attorney of Grant county on his own motion, and upon request of some 20 freeholders, appealed to the district court of Grant county from the action of said county commissioners in allowing said claim.

On October 30, 1922, the county attorney of Grant county demurred to the said claim of defendant in error. On November 20, 1922, the defendant in error filed his motion to dismiss the said appeal, which motion was by the court sustained, and judgment of dismissal of said appeal was rendered.

To reverse this judgment of the district court of Grant county in dismissing the said appeal the plaintiff in error has brought this proceeding in error in this court.

It is contended by the plaintiff in error in its brief that the claim of defendant in error is based upon a contract of employment as special attorney in a suit brought by the county upon a surety bond of a county officer, and that this contract of employment is void on its face for the reason that the board of county commissioners has no authority to employ a special attorney to transact the business of county attorney—to perform the duties he is required to perform by virtue of his office.

A contract made by the board of county commissioners for the county with attorneys at law for their services as such, which services are such as the law requires the county attorneys to perform, is ultra vires and void. County Commissioners v. Jones, 4 Okla. 341, 51 Pac. 565.

Many decisions of this court have announced the rule to the effect that a board of county commissioners in the absence of express legislative authority has no power to contract with and employ another to perform duties which have by law been placed upon public officers. See News-Dispatch Printing & Auditing Co. v. Board County Commissioners of Grady County, 61 Okla. 259 161 Pac. 207: Jackson v. Board of County Commissioners of Garvin County, 66 Okla. 75. 167 Pac. 227; Whittinghill v. Board of Commissioners of Woodward County, 68 Okla. 320, 174 Pac. 489; Anderson v. Board of County Commissioners of Grant County, 44 Okla. 164, 142 Pac. 1145.

One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial. Board of County Commissioners of Washita County

v. Brett, 32 Okla. 853, 124 Pac. 57; Board of County Commissioners of Noble County v. Whitney, 73 Oklahoma, 175 Pac. 112.

It appears that one of the grounds upon which the appeal taken by the county attorney to the district court was dismissed was that a number of subscribers to the demand that an appeal be taken from the action of the board of county commissioners withdrew their names from the request theretofore made, thereby leaving the number of freehold subscribers less than the number required by the statute.

The defendant in error has filed no brief and given no reason or excuse for not doing so although the time for filing brief has long since expired.

We have examined the authorities cited by the plaintiff in error in his brief and we are clearly of the opinion that they reasonably sustain his assignments of error.

Under these circumstances, this court will not search the record to find some theory upon which the judgment of the trial court may be sustained. Lawton Nat. Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

We are of the opinion that the judgment of the court below should be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

By the Court: It is so ordered.