## BOARD OF COM'RS OF CARTER COUNTY v. DOWDY & SHIVERS.

No. 18697. Opinion Filed Oct. 2, 1928.

F. M. Dudley, Co. Atty., and Marvin Shilling, Asst. Co. Atty., for plaintiff in error.

Brown & Williams, for defendants in error.

FOSTER, C. The parties will be referred to as they appeared in the trial court, which is in the reverse order in which they appear here.

This action is based upon a petition which alleges that medical services were performed for Myrtle Stinnett and A. Rosland, in the town of Wilson, Carter county, Okla., and that the claim for services was filed with the county clerk, and no part of the same has been paid, and that the services rendered were reasonable and just.

A demurrer to this petition was filed and overruled by the court, and it is admitted by the plaintiffs that the petition did not state a cause of action, for the reason that it did not allege that the persons for whom the medical services were performed were without any means of support and that there was an appropriation made by the county for the maintenance of the poor. It is contended that these matters were alleged in the answer of the defendant and evidence was presented, without objection, showing such facts, and therefore the defendant has waived the objection to the petition, and the same will be considered as amended so as to correspond to the proof presented.

From an examination of the record, we believe that the plaintiffs are perhaps right in this contention; but, whether such contention is correct or not, we believe there is another objection to the petition which was not raised in the briefs, which made the petition totally defective, and there was no proof introduced to cure this defect.

In addition to the demurrer to plaintiffs' petition, there was a demurrer to the evidence of plaintiffs and exception saved.

Under the theory of the plaintiffs, they must recover under sections 8211, 8212, and

8213, C. O. S. 1921, which sections, in part, are as follows:

"Sec. 8211. The county commissioners of the several counties of the state of Oklahoma shall be overseers of the poor for their respective counties, and shall perform all the duties with reference to the poor of their said counties that may be prescribed by law.

"Sec. 8212. The overseers of the poor in each county shall have the oversight and care of all the poor persons in their county so long as they remain a county charge, and shall see that they are properly relieved and taken care of in the manner provided by law.

"Sec. 8213. Every county shall relieve and support all poor and indigent persons lawfully settled therein, whenever they shall actually need assistance, and shall allow such temporary relief to persons not settled therein as shall be actually necessary pending the ascertainment of his or her legal settlement and removal thereto. * * *"

It appears from a reading of these sections that, before a board of county commissioners of any county has the duty or authority to furnish medical aid or support any poor persons, such persons must be lawfully settled in said county and actually need assistance, or the board of county commissioners shall allow temporary relief to persons not settled therein as shall be actually necessary pending the ascertainment of his or her legal settlement and removal thereto.

We believe, from a fair construction of these statutes, that, in order for the board of county commissioners to be under any obligation or have any authority to support or give assistance to poor persons, it must appear that they are actually settled in the county, or that the said board. is granting temporary relief until it can be ascertained where said persons are legally settled and their removal thereto.

This court has held in many cases that one who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract expressed or implied which finds authority of law. Board of County Com'rs v. Brett, 32 Okla. 853, 124 Pac. 57; Anderson v. Board of County Com'rs, 44 Okla. 164, 143 Pac. 1145; Board of County Com'rs v. Whitney, 73 Okla. 160, 175 Pac. 112; Board of County Com'rs v. Ridings, Okla. 63, 227 Pac. 96.

In the case of Anderson v. Board of County Commissioners, supra, it is held that before an officer in this state is entitled to draw money from the public treasury for fees or compensation, he must be able to point out some statutory authority for its payment.

In the case of Buckeye Engine Co. v. City of Cherokee, 54 Okla. 509, 153 Pac. 1166, it is held that in an action by a creditor of a municipal corporation, the burden is upon him to show that all provisions of the law were complied with before his contract was entered into.

In the very recent case of American State Bank v. Board of County Com'rs, No. 18642, decided September 11, 1928, Appellate Court Reporter September 14, 1928, p. 303 (47 O. R. 303), this court said:

"One who seeks a judgment against a county must plead a state of facts that in law makes the county liable."

From the above authorities, it appears to be the settled law of Oklahoma that when one claims a judgment against a county, he must plead and prove that the services performed come within some statutory provision, and that all the statutory provisions were strictly complied with.

In the case at bar, there is no allegation in the petition of where the persons for whom the services were performed actually resided or were settled, nor is there any allegation that the services performed were a temporary relief for persons not actually settled in the county, until it could be ascertained as to their legal residence or settlement and their removal thereto. We believe this was a necessary allegation in the petition.

We have examined the record, and there is no evidence proving or tending to prove that the persons for whom medical services were rendered, actually resided or were settled in Carter county, nor is there any proof that this was a temporary relief for some one not settled in the county. From all that appears in the petition, these parties might have been actual residents of some other county, or some other state, and may have resided therein for many years, and may have been brought to this hospital from some other county or state after they had become ill or after the injury occurred for which the services were performed. If such were the case, we do not believe that Carter county would be liable under any theory, and, since the statute sets out specifically what persons the county commissioners are under obligation to support or to furnish other relief, we believe that the petition must contain an allegation showing that the

persons for whom the services were performed come within the class as designated by the statute. Having failed to so allege, and having failed to introduce any proof which could, construed in its most favorable light, indicate where said persons were settled, or where they resided, or that the services performed were for temporary relief, we believe the same is totally defective, and that the court erred in overruling the demurrer to the petition.

While this proposition is not mentioned in either the brief of plaintiffs or defendant, we believe from a reading of the statute that plaintiffs failed to allege or prove a legal cause of action.

The cause is therefore reversed and remanded, with directions to sustain the demurrer to plaintiffs' petition, and for such other proceedings as may not be inconsistent with this opinion.

TEEHEE, REID, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.