MASSING vs. THE STATE.

Where an act of the legislature makes an appropriation as in full payment of a demand some portion of which was controverted or disallowed, the acceptance of the money is a bar to any further claim on account of such demand, in cases where there is no evidence of fraud, accident or mistake in matter of fact. *Calkins et al. vs. The State,* 13 Wis., 389, followed.

An allowance of a fixed *per diem* to an officer of the legislature while engaged in his official duties, must be understood as designed to be in full payment for his services as such officer.

Where at the time of the election of an officer, the law fixed the amount of his compensation, he must be presumed to have performed the duties of his office with the understanding that his pay should be what the law prescribed.

It is part of the official duty of the Sergeant-at-arms of the legislative assembly, to arrest and detain in custody all persons ordered by such assembly to be so arrested and detained.

The complaint in this action (which was commenced in this court, June 27th, 1859) alleged in substance, (1) That the plaintiff was, on the 14th of January, 1858, elected sergeant-at-arms of the legislative assembly of this state, and served as such during the whole session of the legislature of 1858; that certain committees of investigation were appointed by the assembly, and a certain joint committee of investigation by the senate and assembly, during said session; and that each of said committees was invested with the power of sending for and compelling the attendance of persons and the production of papers; (2) That the plaintiff had served certain subpœnas, warrants, &c., duly issued by said committees, and had made arrests of members in different parts of the state, under a call of the house, by resolution of said assembly, which services were more fully set out in a bill of particulars annexed to the complaint, and that the same, with the expenses necessarily incurred, were reasonably worth the sum of $1361; that the greater part of said services did not belong to the plaintiff's duties, and were none of them covered by his compensation as sergeant-at-arms; that he had never received any compensation therefor except sixty dollars, and that the defendant was indebted to him therefor in the sum of of $1301 with interest; that on the 24th of February, 1859, the plaintiff presented said bill and account, properly verified, to the legislature of Wisconsin for allow-

ance, but the same was rejected, and had not been, nor had any part thereof been, allowed by said legislature; wherefore he demanded judgment, &c.

The answer of the state admitted all that part of the complaint above marked (1), and denied generally the other allegations, alleging also that the plaintiff had been allowed by the assembly of 1858, and had been paid by the state, an adequate compensation for his services as sergeant-at-arms of said assembly, and that all the services of the plaintiff mentioned in the complaint were performed and the expenses therein referred to were incurred by him in the discharge of his official duties as such sergeant-at-arms; that the plaintiff presented an account for said services and expenses to the legislature at its session in 1858, which made an appropriation to him of $60, *in full* for said expenses, and the plaintiff received from the state treasurer the sum so appropriated.

The issues of fact made by the pleadings were sent to the circuit court for Dane county, to be tried by a jury, which found in substance, that the plaintiff, as sergeant-at-arms of the assembly of 1858, was employed to arrest and hold in custody certain persons, as stated in the complaint; that he performed such services, and they were worth $200; that he presented his bill, including the items of account, to the legislature of 1859, and it was rejected; that he had been paid at the rate of $5 per day as sergeant-at-arms as aforesaid; that he had presented to the legislature of 1858 an account of costs and expenses in serving subpœnas for the several committees of the assembly of 1858, a part of which, to-wit, the sum of $60, was allowed by the legislature, and had been received by the plaintiff.

A transcript of the proceedings in the circuit court having been filed in this court, the plaintiff moved for a judgment upon the verdict.

*Wakeley & Vilas*, for the plaintiff.

*James H. Howe*, Attorney General, for the state.

By the *Court*, PAINE, J.　So far as the plaintiff's account is for costs and expenses in serving subpœnas, it is disposed of by our decision in the case of *Calkins & Proudfit against*

*The State.* The verdict finds, as the answer alleges, that the plaintiff presented his account for those costs and expenses to the Legislature of 1858, and that a part of it, to wit, $60, was allowed, and that the plaintiff had received the money. Under our decision he is now precluded from suing for the balance.

The only remaining question arises upon the finding that the plaintiff was employed as sergeant-at-arms to arrest and hold in custody certain persons, as stated in his petition, and that he performed the services, which were worth $200, and that the plaintiff had been paid at the rate of $5 per day as sergeant-at-arms at the session of 1858.

The question is, whether, upon these facts, the plaintiff is in law entitled to recover of the state the amount which the jury found it was worth to arrest and hold in custody the several persons mentioned? And this depends upon the question whether these services are to be considered as having been paid for by the five dollars per day, which the jury found to have been appropriated to the plaintiff as sergeant-at-arms. If the performance of those services was a part of his duties as sergeant-at-arms, and if the five dollars per day was all that he could legally claim for performing the duties of that office, it is clear that he has no claim to recover any thing more. If they were not a part of the duties of that office, and the plaintiff has only been paid for performing those duties, then he ought to recover.

But that these services were a part of the regular duties of a sergeant-at-arms, seems to us too plain to admit of any doubt. The rules of the assembly under which the plaintiff acted, prescribed certain specific duties, and then provided that he should "perform all other services pertaining to the post of sergeant-at-arms." *Assembly Journal*, 1857, p. 22, Rule 40—adopted in 1858, p. 9, Assembly Journal of that year. In Cushing's Law and Practice of Legislative Assemblies, p. 133, the duties of a sergeant-at-arms are thus stated. "The duties of this office are analogous to those of a sheriff in a court of justice. They consist principally in attending upon the assembly, maintaining order among the persons there present—*serving the processes and executing the orders of the assem-*

*bly*—giving notice to the presiding officer of persons attending with messages, or other communications, or in obedience to the orders of the Assembly—*arresting persons, whether members or strangers, ordered to be taken into custody—and restraining in confinement, in his custody or elsewhere, all persons subjected thereto by way of punishment.*" The arrest of persons is not as frequent in legislative as in judicial proceedings. But whenever it is required, it is generally understood to be as much the duty of the sergeant-at-arms to execute the process and hold the persons in custody as it is to be the duty of a sheriff to perform similar services for a court. This being so, it follows necessarily that the payment to the plaintiff of the five dollars per day for his services as sergeant-at-arms at the session of 1858, must be held to have been payment for all his services, and that he can no more recover now for these particular services than he could for performing any other portion of his duties. The most usual course adopted by the legislature in paying its officers, has been to fix a *per diem*, and whenever this is done it is always understood that such payment is in full for such services. That course was adopted in 1858. Chap. 5, Gen. Laws, fixes the pay of the sergeant-at-arms at five dollars per day through the session. This amount the plaintiff has received, and we know of no reasoning by which his right to recover in this suit can be sustained, which will not necessarily lead to the conclusion that every other officer of the legislature may sue the state and recover the value of his services, notwithstanding he has received his *per diem*. Such a position however would scarcely be contended for.

Whether one of these officers who should be elected and discharge his duties without any law in existence fixing the amount of his compensation, could, in case the legislature should then make what he deemed an inadequate compensation, refuse to take it, and bring an action and recover what he could prove to be the value of his services, it is not necessary to inquire. But here all the services of arresting and holding these parties in custody, were performed after the passage of the act fixing the amount of the officer's pay. And it seems clear that in such a case the party must be

held to have assented to the provisions of the act, and to have performed the services upon the understanding that his pay should be as therein prescribed.

For these reasons the plaintiff's motion for judgment must be denied.

The act of appropriation referred to in this case, appropriated to *Mr. Massing* $60, "being payment in full for costs and expenses in serving subpœnas for different committees of the legislature."      REP.