CROCKER VS. SUPERVISORS OF BROWN COUNTY.

OFFICERS, FEES OF: SHERIFF. (1) *Officers assume office* cum onere. (2) *Statutory fee to sheriff excludes other fee.* (3) *Judgment for illegal sheriff's fees, reversed.*

1. Officers take their offices *cum onere*, and services required of them by law, for which they are not specifically paid, must be considered compensated by the fees allowed for other services.
2. Where a statute gives a fee to the sheriff or other officer for the service of process, and there is nothing in any statute showing a different intention, no other or further fee can be charged; and the county board of supervisors has no authority to make extra allowances to the officer for such services.
3. The statute (R. S., ch. 133, sec. 1, subd. 27; Tay. Stats., 1514, § 1, subd. 27) fixes the sheriff's fee "for traveling to serve criminal process, at ten

cents per mile for every mile actually traveled." The plaintiff, as sheriff, having charged the county various sums in addition to such statutory fee, for personal expenses, hotel bills, railroad fare, team hire, etc., while traveling to serve criminal process, and having recovered judgment therefor, such judgment is reversed.

APPEAL from the Circuit Court for *Brown* County.

The case came on for trial in the circuit court upon the appeal of plaintiff from the disallowance of a portion of his claim presented to the county board of supervisors. Plaintiff was sheriff of Brown county, and in that capacity received a warrant for the arrest of a person charged with larceny. He presented his account for services in making the arrest to the board of supervisors, charging, in addition to the ordinary fees for service and mileage, various sums for use of teams, traveling expenses, railroad fare, telegraphing and "necessary expenses." The county board allowed a portion of the account, but disallowed the charges for team hire, expenses and railroad fare. Plaintiff owned a livery stable, and his special deputy, whose services were charged in the same bill, also owned a livery stable, and the horses used were their own. The circuit court disallowed the railroad fare, but found the plaintiff entitled to the team hire charged, and gave judgment accordingly ; from which defendant appealed.

*John J. Tracy,* for appellant, argued, that at common law there were no costs, and that costs of every kind, whether fees or disbursements, are given only by statute. *State v. Kinne,* 41 N. H., 238. And sheriffs received no fees until given by statute. The statute provides a liberal compensation for sheriffs, allowing for " traveling to serve any criminal process, for every mile actually traveled, ten cents per mile, whether in the county from which process issued, or not." Tay. Stats., 1514, § 1, subd. 27. This language seems clearly intended to cover the expenses of travel of every kind, and this intention is made more clear by comparing this clause with several others of the same section, where he is allowed for certain specified services

"all necessary expenses." Again, officers take their offices *cum onere*— with knowledge of what their duty is, and of the fact that the only compensation provided by law for doing that duty is found in the itemized fee bill contained in the statute. They can claim nothing more than is there given. If there is any duty required of them for which no compensation is provided, they must perform that duty gratuitously. See *Ex parte Miner*, 2 Hill, 411; *Board of Comm'rs etc. v. Blake*, 21 Ind., 32; *Board of Comm'rs etc. v. Johnson*, 31 id., 463. And see the case of *Massing v. The State*, 14 Wis., 502.

*O. B Graves*, for respondent. [No brief on file.]

DIXON, C. J.   Officers take their offices *cum onere*, and services required of them by law for which they are not specifically paid, must be considered compensated by the fees allowed for other services. This principle is well settled, as will be seen by examination of the several authorities cited to this point by counsel for the defendant. But in this case the plaintiff was not without specific compensation in the form of fees expressly given by statute for the services rendered by him, and for the performance of which he has charged and obtained judgment against the county for several sums beyond the statutory allowances. The sums charged were for personal expenses, hotel bills, railroad fare, team hire, etc., while traveling to serve criminal process, for which the statute says ten cents per mile shall be paid. R. S., ch. 133, sec. 1, subd. 27; 2 Tay. Stats., 1514, subd. 27. Those charges were wrong, and it was wrong for the circuit court to allow them, and the judgment appealed from is erroneous. Where a statute gives a fee to the sheriff or other officer for the service of process, and there is nothing in the same or some other statute showing a different intention, the fee so given is the sole compensation to the officer for the performance of the service, and no other or further can be charged or obtained.

This principle has been directly affirmed by the decisions of

this court in *Massing v. The State*, 14 Wis., 502; *Jones v. Supervisors of Grant County*, id., 518, and *Tenney v. The State*, 27 id., 387. And in such case the board of supervisors have no authority to make extra allowances to the officer, even though they should be of opinion that he ought to have them. This has been determined in several of the adjudged cases cited by counsel for the defendant.

The plaintiff in this action, the respondent on this appeal, has not appeared in this court by counsel or otherwise, and no brief has been filed in his behalf. We are not informed, therefore, what the position or views taken in support of his claims are, and must presume that the claims, beyond the fees allowed by the statute, have been abandoned as hopeless on his part.

The judgment must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.