WIGHT, APPELLANT, *v.* THE BOARD OF COUNTY COMMISSIONERS OF MEAGHER COUNTY, RESPONDENT.

[Submitted July 15, 1895.  Decided July 29, 1895.]

COUNTY SURVEYOR—*Compensation.*—A county surveyor is not entitled to an allowance from the county for his reasonable expenses in making a survey, as for hire and board of team, since under section 900, Fifth Division of the Compiled Statutes, the compensation of the county surveyor is fixed at seven dollars per day while making a survey, no provision being made for expenses, as is the case with many other county and state officers.

*Appeal from Sixth Judicial District, Meagher County.*

ACTION by the county surveyor, to recover from the county his expenses while making a survey.  Judgment was rendered for the defendant below by HENRY, J.  Affirmed.

Statement of the case by the justice delivering the opinion.

The appellant brought this action against the board of county commissioners of Meagher county to recover for certain expenses laid out by him while making a survey, as county surveyor, upon the order of the county commissioners.  The statute in force at that time was section 900, Div. 5, Gen. Laws (Compiled St. 1887), as follows :  "Section 900.  It shall be the duty of the county surveyor, by himself or one of his deputies, to execute any survey which may be required by any court, upon the application of any individual or corporation, and shall execute any survey required by the board of county commissioners.  He shall be paid for his services seven dol-

lars per day while making the survey, the amount, in the first instance, to be paid by the person or corporation for whose benefit the survey is made, and in the other, by the county commissioners, by order on the county treasurer, against the proper fund.''

The plaintiff was ordered by the county commissioners to make a survey. The commissioners allowed him, under this statute $7 per day. He also claimed the expense for a team for five days at $2 a day, and $8 board of team, and $9.70 for his own board while doing the work. These items of expense the commissioners refused to pay. Upon the trial, the court found that the charges for expenses were reasonable, but held that under the law (section 900, supra) there was no authority for paying these items. The plaintiff appeals from the judgment.

*Thompson & Maddox,* for Appellant.

*Henri J. Haskell,* Attorney General, and *Powell Black,* County Attorney, for Respondent.

DE WITT, J.—It is to be observed in the text writers and the decided cases that the courts have held very closely to the rule that when a certain compensation is allowed by statute there is no authority for allowing anything beyond the provisions of the statute.

It is said by the United States supreme court, in the case of *United States* v. *Shields,* 153 U. S. 88: ''Fees allowed to public officers are matters of strict law, depending upon the very provisions of the statute. They are not open to equitable construction by the courts, nor to any discretionary action on the part of the officials.''

We find the following in Mechem's Public Offices and Officers: '' Section 856. No compensation can be recovered unless provided by law. Unless, therefore, compensation is by law attached to the office, none can be recovered. A person who accepts an office to which no compensation is attached is presumed to undertake to serve gratuitously, and he cannot

recover anything upon the ground of an implied contract to pay what the service is worth. The rule is otherwise where a person undertakes to render service for a municipal corporation, not as a public officer, but as its private agent. In such a case, he may recover the reasonable value."

Also the same work, see section 862, note 5, as follows: "It is a well settled rule that a person accepting a public office with a fixed salary is bound to perform the duties of the office for the salary. He cannot legally claim additional compensation for the discharge of these duties, even though the salary may be a very inadequate remuneration for the services. Nor does it alter the case that by subsequent statutes or ordinances his duties are increased and not his salary. His undertaking is to perform the duties of his office, whatever they may be, from time to time during his continuance in office, for the compensation stipulated, whether these duties be diminished or increased. Whenever he considers the compensation inadequate, he is at liberty to resign. (*Evans* v. *City of Trenton*, 24 N. J. Law, 764, citing *Andrews* v. *United States*, 2 Story, 202; *People* v. *Supervisors of City and County of New York*, 1 Hill 362; *Bussier* v. *Pray*, 7 Serg. & R. 447.)"

The supreme court of Wisconsin says, through Dixon, C. J.: "Officers take their offices *cum onere*, and services required of them by law for which they are not specifically paid must be considered compensated by the fees allowed for other services. This principle is well settled, as will be seen by examination of the several authorities cited to this point by counsel for the defendant. But in this case the plaintiff was not without specific compensation in the form of fees expressly given by statute for the services rendered by him, and for the performance of which he has charged and obtained judgment against the county for several sums beyond the statutory allowances. The sums charged were for personal expenses, hotel bills, railroad fare, team hire, etc., while traveling to serve criminal process, for which the statute says ten cents per mile shall be paid. (Rev. St. c. 133, § 1, subd. 27; 2 Tayl. St. page 1514, subd. 27.) Those charges were wrong, and it

was wrong for the circuit court to allow them, and the judgment appealed from is erroneous.   Where a statute gives a fee to the sheriff or other officer for the service of process, and there is nothing in the same or some other statute showing a different intention, the fee so given is the sole compensation to the officer for the performance of the service, and no other or further can be charged or obtained.   This principle has been directly affirmed by the decisions of this court in *Massing* v. *State*, 14 Wis. 502; *Jones* v. *Supervisors*, Id. 519, and *Tenney* v. *State*, 27 Wis. 387.   And in such case the board of supervisors have no authority to make extra allowances to the officer, even though they should be of opinion that he ought to have them.   This has been determined in several of the adjudged cases cited by counsel for the defendant.'' (*Crocker* v. *Supervisors*, 35 Wis. 286.)

The same court, in a later case, said: ''It was held in *Crocker* v. *Supervisors*, 35 Wis. 284, that 'officers take their offices *cum onere*, and services required of them by law, for which they are not specifically paid, must be considered compensated by the fees allowed for other services.'   That rule is sustained by several other adjudications of this court, cited in the opinion in that case by Chief Justice Dixon.   The rule is applicable to a case like this, where the claim is for expenses incurred by the officer in the discharge of his official duties instead of official services.   Indeed, the claim in *Crocker* v. *Supervisors* was for expenses and disbursements by a sheriff in the execution of process.   Hence, the claim of the plaintiff is not valid unless there is some statute requiring or authorizing the county board to reimburse his expenses for fuel and stationery.   We are referred to no such statute.   On the contrary, the statute (Rev. St. page 238, § 669, subsection 7) confers upon the county board power to provide fuel and stationery for certain county officers, necessary for the discharge of their official business.   The county surveyor is not named as one of these officers.   *Expressio unius est exclusio alterius.* If there is any other provision of statute which empowers the board to make such provisions for the county surveyor, there

is none which makes it the duty of the board to do so. The fact that the county furnished the plaintiff an office in the court house cannot impose upon it the obligation to provide fuel and stationery to be used in it." (*Towsley* v. *Ozaukee Co.*, 18 N. W. 840.)

The appellant has not cited us to authorities which take a view of this subject different from those which we have above quoted. He cites numerous authorities to the effect that the law must be construed reasonably, and the law must not be held to require impossibilities, and that the legislature must be presumed not to have intended that which is against reason. But we have no means of knowing that the legislature considered it against reason that $7 a day would compensate a surveyor for his services and pay his expenses. The legislature said that he should receive $7 a day for his services. They do not say that he should receive any additional amount for expenses in performing these services.

It is to be noted that there are very many provisions in the statute allowing county and state officers certain items of expense, and, as remarked in the last Wisconsin case cited, there seems to be room for the application of the rule, *Expressio unius est exclusio alterius.*

The legislature provide in detail for what they consider the proper expenses of certain officers, but in the case of a county surveyor they give him simply a per diem in gross, and, for all that is before us, it was the opinion of the legislature that the surveyor could pay his expenses and leave a reasonable margin of profit to himself for his services. It may be that this compensation of $7 is inadequate, but we are of the opinion that it. is not for us to so determine, when the legislature seems to have determined otherwise.

This decision is not important as a precedent for the future, for the reason that Political Code 1895, § 4639, provides in detail what fees and expenses shall be allowed to a county surveyor. If the old law were such that it did not provide sufficient compensation for the services and expenses, the county surveyor could appeal to the legislature, and have the matter

put upon a fair and reasonable basis. Whether that is even done by Political Code 1895, we do not know, as we are not the judges of that subject. It is an extremely dangerous precedent for a court to go outside of the statute on the question of fees and allowances of officers for the performance of their duties.

While it may be that this decision is a hardship upon the county surveyor, we believe it is upon the safe side of construction, and that the remedy, if any there should be, must be sought from the legislature. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.