HEDRICK, Plaintiff, v. REEVES, State Auditor, Defendant.

(191 N. W. 761.)

(File No. 5274.   Opinion filed December 30, 1922.)

1.  **Game—Game Warden—Public Officials—Expense Accounts—State Game Warden Not Entitled to Board and Lodging Expenses While Attending Duties of Office at Capitol; "Actual and Necessary Traveling Expenses."**

A state game warden's expenses for board and lodging incurred while attending the duties of his office at the capitol where his office must be kept, pursuant to Rev. Code 1919, Sec. 10454, is not embraced within the clause "actual and necessary traveling expenses" provided for in that section, though section 10434 expressly allows traveling expenses to deputies "when absent from their homes."

2.  **Constitutional Law—Reimbursement of State Game Warden for the Expenses Not Provided for in Statute Matter for the Legislature, Not the Court.**

If it is fair to reimburse the state game warden for expenses for board and lodging incurred while attending the duties of his office at the capitol, in case the statutes do not provide therefor, the remedy for relief is with the Legislature, and not the courts.

Application by Harry S. Hedrick for mandamus to compel Jay Reeves, as Auditor of the State of South Dakota, to reimburse applicant for expenses incurred as state game warden. Demurrer to alternative writ sustained.

*Charles E. DeLand,* of Pierre, for Plaintiff.

*Benj. D. Mintener,* Assistant Attorney General, for Defendant.

Plaintiff cited: Rev. Code, Secs. 10454, 10455, 10434; McCoy v. Hanlin, 35 S. D. 487; State ex rel Payne v. Reeves, 44

S. D. 568; Smith v. Jackson, 241 Fed. 749, 154 C. A. A. 449; affirmed 246 U. S. 388, 38 Sup. Ct. 353, 62 L. Ed. 788; Walling v. Potter, 35 Conn. 183; Coker v. State, 63 Ala. 95; State ex rel Birmingham, Game Comr., v. Hackman (Mo.), 207 S. W. 498.

Defendant cited: 25 R. C. L. 1053; Chap. 262, Laws of 1921, relating to the Commissioner of Insurance; Sec. 9501, Rev. Code, relating to member of the Railroad Commission; Chap. 190, relating to the Commissioner of Agriculture; Secs. 8183 and 8186, Rev. Code, relating to the State Engineer; Chap. 378, Laws of 1921, relating to the State Sheriff; Sec. 10125, Rev. Code 1919, relating to the Commissioner of Immigration; Chap. 35, Laws of 1921, relating to the Superintendent of Banks; Sec. 6586, Rev. Code 1919, relating to the members of the State Tax Commission; 25 R. C. L., page 1029.

GATES, P. J. This matter is before us upon an application for a peremptory writ of mandamus, an alternative writ having heretofore issued. Defendant has demurred thereto, and moved to quash.

Plaintiff claims from the state reimbursement for his living expenses, viz., board and lodging, while in Pierre attending to the duties of his office as state game warden covering the period from December, 1921, to September, 1922, pursuant to vouchers presented to defendant and rejected by him. Plaintiff resides at Chamberlain, and asserts that the time necessarily spent at Pierre in the discharge of his official duties at the seat of government does not exceed an average of five days per month. His claim to reimbursement is based upon the following clause of section 10454, Rev. Code 1919:

"And he shall be allowed his actual and necessary traveling expenses."

The same section also provides:

"The office of the state game warden shall be at the capitol."

[1] The question thus presented is whether the expense of board and lodging of the state game warden while attending the duties of his office at the capitol, where the office must be kept, is embraced within the clause "actual and necessary traveling expenses."

Plaintiff relies upon McCoy v. Handlin, 35 S. D. 487, 153 N. W. 361, L. R. A. 1915E, 858, Ann. Cas. 1917A, 1046, and

State ex rel Payne v. Reeves, 44 S. D. 568, 184 N. W. 993, but those cases have no application. In those cases the question was as to legislative authority. There the legislative intent was clear. Here there is no question as to legislative authority. It is a question of legislative intent. Plaintiff also cites the case of State ex rel Birmingham v. Hackmann, 276 Mo. 504, 207 S. W. 498, but that case is not in point because while the officer had established his office at the state capitol he was not required to do so by law, and the court said:

"If either the law or the Constitution required of relator a residence at the seat of government and the law (as it does not) required his office to be maintained at the seat of government, there would be excuse for the" refusal to audit and allow these expenses.

Plaintiff also invokes by analogy section 10434, Rev. Code 1919, relating to deputy game wardens, but that section expressly allows traveling expenses "when absent from their homes."

[2]   To our minds it seems entirely clear that plaintiff's expense for board and lodging while he is attending the duties of his office at the capitol is not embraced within the term "actual and necessary traveling expenses." If, as he contends, it is only fair that he be reimbursed for these expenses, the remedy is with the Legislature, and not with the courts.

The demurrer to the alternative writ will be sustained.

ANDERSON, J., not sitting.

Note—Reported in 191 N. W. 761. See American Key-Numbered Digest, (1) Game, Key-No. 6, 27 C. J. Sec. 19; (2) Constitutional Law, Key-No. 70(3), 12 C. J. Sec. 390. Reference to other statutes on kindred subjects in determining legislative intent, 25 R. C. L. 1053.