Zimmerman, J.
 

 This being an action in mandamus,. the precise point for decision is whether respondent should be directed to issue a warrant covering the described local expenses of relator as “an act which the law specially enjoins as a duty resulting from [his] * * * office.” Section 12283, General Code.
 

 In disposing of the controversy, the statutes quoted below are pertinent.
 

 Section 6064-2, General Code, provides, in part:
 

 ‘ ‘ The Department of Liquor Control is hereby created, to consist of a Board of Liquor Control of four members, * * * and a Director of Liqiior Control. ’ ’
 

 
 *557
 
 Section 154-17, General Code, recites,
 
 inter
 
 alia:
 

 “Each department shall maintain a central office in the city of Columbus.”
 

 Section 6064-5, General Code, reads, in part:
 

 “The Director of Liquor Control and each member of the Board of Liquor Contr'ol shall devote his entire time to the duties of his office and shall hold no other public position of trust or profit. * * *
 

 “Each member of the Board of Liquor Control shall receive an annual salary * * *, together with his actual and necessary traveling expenses incurred in the performance of his official duties.”
 

 Here, we have a situation where relator receives a substantial annual salary for the performance of the duties of his office, the headquarters and principal place of business of the Board.of Liquor Control is in the city of Columbus, and the relator incurred the expenses for which claim is made while in Columbus attending to the affairs for which he is compensated.
 

 As we have seen, Section 6064-5, General Code, grants to each member of the Board of Liquor Control an annual salary plus “his actual and necessary
 
 traveling expenses
 
 incurred in the performance of Ms official duties.”
 

 , In Black’s Law Dictionary (3 Ed.), “travel” is defined as “to go from one place to another at a distance; to journey.” And in the same volume, “expense” is defined as “that which is expended, laid out or consumed; an outlay; charge; cost; price.” Combining the two definitions, “traveling expenses” are, strictly speaking, expenditures made in going from one place to another at a distance.
 

 However, as commonly understood and accepted, the expression “traveling expenses,” has a broader meaning and generally comprehends transportation, costs and- other charges reasonably incident thereto
 
 *558
 
 while on a journey, including lodging, meals and kindred expenses incurred during the trip. Under some circumstances, then, “traveling expenses” might cover the items claimed by relator, but in our opinion that expression as used in Section 6064-5, General Code, does not embrace such items contracted by a member of the Board of Liquor Control during the time he is present at the “central office” of the Department of Liquor Control'in Columbus pursuing his usual and customary duties. See
 
 Hedrick
 
 v.
 
 Reeves, State Auditor,
 
 46 S. D., 218, 191 N. W., 761. Compare
 
 Corbett
 
 v.
 
 State Board of Control,
 
 188 Cal., 289, 204 P., 823.
 

 It can hardly be said with confidence that the phrase “traveling expenses,” standing alone and unexplained, includes expenditures for subsistence, lodging, telephone calls, local transportation, etc., made by one, receiving an annual salary for his services, after arriving at his destination for the transaction of the business in which he is regularly engaged on a full-time basis at the principal establishment maintained for such purpose.
 

 The proposition is generally recognized that “the right of an officer to compensation for expensés incurred by him in the performance of an official duty must be found in a provision of the constitution or a statute conferring it either directly or by necessary implication, and the officer cannot recover compensation additional to the compensation fixed by statute for such expenses.” 46 Corpus Juris, 1018, Section 246; 32 Ohio Jurisprudence, 1013, Section 153; 43 American Jurisprudence, 134, Section 341.
 

 Moreover, it' is a settled rule of. construction both in this state and elsewhere that “statutes relating to the fees and compensation of public officers must be • strictly construed in favor of the government, and such officers.are entitled only to what is clearly given-
 
 *559
 
 by law.” 46 Corpus Juris, 1019, Section 250;
 
 Richardson
 
 v. State,
 
 ex rel. Prosecuting
 
 Attorney, 66 Ohio St., 108, 113, 63 N. E., 593, 594.
 

 Belator represents that the respondent has in the past issued warrants to those in positions similar to relator’s for expenses of the kind claimed here. Even if that were so, it would not necessarily be controlling. Besides, it is not plain from the pleadings and stipulation of facts that respondent has issued warrants for expenses of the character asserted by relator to those regularly serving in Columbus on
 
 annual salaries
 
 as members of state boards, commissions and agencies.
 

 Although persuasive arguments are advanced supporting relator’s claim, the court is not convinced that a
 
 clear legal duty
 
 rests on the respondent, under Section 6064-5, General Code, in its present wording, and under all the circumstances disclosed by the record, to issue the warrant sought. This being so, the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.