O’Neill, J.
The allegations in the relator’s petition that, “in order for relator to perform the duties imposed upon him as Treasurer of State, it is necessary for him at times to travel throughout the state of Ohio, and that it is necessary that he have a motor vehicle for this purpose,” and the respondent’s admission in his amended answer of these allegations grounds the petition for the writ of mandamus herein upon the necessity for the relator to travel throughout Ohio in the performance of his duties.
These allegations squarely raise the first question of law which this court must decide.
Is there authority, under the Constitution or statutes of Ohio, for the relator to expend public funds for his expenses in traveling about the state of Ohio in the performance of his duties ?
Neither the petition, the amended answer nor the demurrer cites any authority in law for such reimbursement, compensation or allowances. Neither counsel for the relator nor counsel for the respondent was able, in argument, to cite such authority.
The law of Ohio, however, is clear on this matter.
This court in State, ex rel. Leis, Member of Board of Liquor Control, v. Ferguson, Aud., 149 Ohio St., 555, 80 N. E. (2d), 118, last considered this question and stated the law plainly. Para,graphs one and two of the syllabus of that case read as follows:
“1. The members of the Board of Liquor Control of the state of Ohio are public officers and entitled only to the compensation and allowances provided by law.
“2. Statutes relating to compensation and allowances of *345 public officers are to be strictly construed, and such officers are entitled to no more than that clearly given thereby.”
The rule is stated in 44 Ohio Jurisprudence (2d), 634, Public Officers, Section 137, as follows:
“A public officer is entitled to receive only such compensation as is expressly provided for by statute * * *. The laws relating to compensation are strictly construed, public officers are entitled to no more than that clearly given thereby; and the amount stipulated in the law cannot be enlarged by implication or agreement. Moreover, it has been said that it is basically contrary to sound public policy to permit officials to enlarge their compensation by accepting any compensation not specifically provided by law.”
The office of Treasurer of State is a constitutional office established by Section 1, Article III of the Constitution of Ohio.
Section 19, Article III, provides as follows with regard to the compensation for this office:
“The officers mentioned in this article [Treasurer of State is one of these] shall, at stated times, receive, for their services, a compensation to be established by law * * *.”
This section makes it evident that there can be no compensation for this office by implication under the Constitution. Only that compensation which has been specifically provided by law may be received.
We must then look to the legislative enactments concerning compensation of the Treasurer of State.
The Legislature has carefully spelled out certain officers who are to be paid for traveling expense in the performance of their duties.
Chapter 141 of the Revised Code is entitled “Salaries of State Officers. ”
Section 141.01 provides that the “annual salaries of elective executive officers of the state are as follows: * * * (E) Treasurer of State, fifteen thousand dollars * * *.”
Sections 141.04, 141.05, 141.051 and 141.06 provide for the compensation of the Chief Justice and judges of the Supreme Court and the judges of the Court of Appeals, the Common Pleas Court and the Probate Court.
Section 141.07 provides for compensation and actual and *346 necessary expenses of judges of the Common Pleas Court holding court outside the county of residence.
Section 141.08 provides for traveling expenses of the Chief Justice of the Supreme Court for “actual and necessary expenses incurred while performing his duties under the law and the Constitution in determining the disqualification or disability of any judge of the Court of Common Pleas or of the Court of Appeals. ’ ’
Section 141.10 provides for actual and necessary expenses and compensation of judges of Courts of Appeals holding court outside the county of residence.
Section 141.11 provides for the payment of expenses of judges directed or assigned to sit with Supreme Court judges, including traveling expenses.
Section 141.13, entitled “Fees or Additional Compensation Unlawful,” provides:
“No fees in addition to the salaries and compensation named in Sections 141.01 to 141.12, inclusive, of the Revised Code, shall be allowed to any such officer. No additional remuneration shall be given any such officer under any other title than that by which he was elected or duly appointed. The salaries provided in such sections shall be in full compensation for any services rendered by such officers and employees, payment of which is made from the State Treasury.”
Section 101.27, Revised Code, provides that each member of the General Assembly is entitled to a “travel allowance of ten cents a mile each way for mileage once a week during the session from and to his place of residence.”
Sections 121.02, 121.04 and 121.05, Revised Code, establish the state administrative departments, the directors and assistant directors of these departments, and the offices within the several departments, and Section 121.12, Revised Code, provides in part:
“Each officer whose office is created by Sections 121.02, 121.04, and 121.05 of the Revised Code # # # in addition to his salary * # * shall be entitled to his actual and necessary expenses incurred in the performance of his official duties.”
Numerous other sections of the Code provide for the traveling expenses of specific officers or employees.
*347 The only provision of law which makes reference, directly or indirectly, to compensation, reimbursement or allowances for travel expenses for the Treasurer of State is Section 127.05, Bevised Code, which provides as follows:
“No executive, legislative, or judicial officer, board, commission, or employee of the state shall attend at state expense any association, conference, or convention outside the state unless authorized by the Emergency Board. Before such allowance may be made, the head of the department shall make application in writing to the Emergency Board showing necessity for such attendance and the probable cost to the state. If a majority of the members of the Emergency Board approve the application, such expense shall be paid from any moneys appropriated to said department, board, bureau, or commission for traveling expenses.”
This section confers no authority for the purchase of an automobile.
It is to be noted here that such section makes necessary the filing of an application in writing and the approval thereof prior to tire travel and requires the filing of vouchers and receipts subsequent to the travel. This makes possible, as well as mandatory, an accounting and an audit.
It is crystal clear, from reading these provisions of law, that the Legislature has carefully provided who shall be entitled to traveling expenses and under what conditions. It is evident that members of the Legislature, judges of the Supreme Court and elected state officials are required to do much traveling in order to perform some of the duties of their offices, for which the law has provided for no compensation or allowances.
A careful research of the statutes reveals that there is no provision of law in Ohio for the reimbursement or payment of any compensation or allowances for traveling expenses of the Treasurer of State in the performance of his duties.
The rule in Ohio was well settled as early as 1898 in the case of Clark v. Board of County Commissioners, 58 Ohio St., 107, 109, 50 N. E., 356, where Burket, J., said:
“It is well settled that a public officer is not entitled to receive pay for services out of the public treasury, unless there is some statute authorizing the same. Services performed for the *348 public, where no provision is made by statute for payment, are regarded as a gratuity, or as being compensated by the fees, privileges and emoluments accruing to such officer in the matters pertaining to his office. Jones v. Commissioners, 57 Ohio St., 189. To warrant payment out of the public treasury, it must appear that such payment is authorized by statute. * * # Debolt v. Trustees, 7 Ohio St., 237; Anderson v. Commissioners, 25 Ohio St., 13; Strawn v. Commissioners, 47 Ohio St., 404.”
In Strawn v. Commissioners (1890), 47 Ohio St., 404, 408, 26 N. E., 635, Bradbury, J., said:
“The fact that a duty is imposed upon a public officer will not be enough to charge the public with an obligation to pay for its performance, for the Legislature may deem the duties imposed to be fully compensated by the privileges and other emoluments belonging to the office * # * and hence provides no direct compensation therefor, to be paid out of the public treasury.”
In Richardson v. State, ex rel. Pros. Atty. (1902), 66 Ohio St., 108, 63. N. E., 593, a case almost directly in point, paragraphs two and three of the syllabus read as follows:
“2. Expenses incurred for railroad fare, livery hire, charges for the use of his own conveyance, for the feed and shoeing of horses used by him, and for his board and others of a like nature, are of a personal character, for which no valid claim can be made against the county, although they are incurred while about the business of the county.
“3. The allowance of such invalid claim by the board of commissioners, upon the certificate of the prosecuting attorney, and approval of the probate judge, and its payment by the treasurer, is not a bar to an action to recover the money back.” The courts have strictly construed statutes authorizing travel expenses and allowances.
Note the case of Harbage v. Tracy, Aud., 64 Ohio App., 151, 28 N. E. (2d), 520, appeal dismissed, 136 Ohio St., 534, 27 N. E. (2d), 141, in which the courts looked behind the journal of the General Assembly and disallowed mileage to the members of the General Assembly, where' no sessions were held in Columbus, even though the statute allowed mileage for each week from the time the sessions began until sine die adjournment, and the *349 counsel for the legislators argued that the courts could not look behind the journal to determine whether sessions of the Legislature were actually held.
The law in Ohio is settled. Applying the law to the facts in this case, it is plain that the relator is not authorized by law to receive compensation or allowances for the travel which he alleges in his petition it is necessary for him to do in Ohio in the performance of his duties.
' Therefore, the respondent is under no clear legal duty to perform the acts which the relator’s petition prays this court to command the respondent to perform.
It is not necessary for this court to decide whether an appropriation for “equipment” is such an appropriation that the money therein appropriated can be used for the purchase of a motor vehicle.
It is also not necessary for this court to decide whether a public official, who is authorized by statute to be reimbursed or compensated for travel and expenses in the performance of his duties, is entitled, under such a statute, to purchase or have purchased for him by the Department of Finance a motor vehicle for such travel.
The court is cognizant of the fact that it has not reached in this opinion the question originally attempted to be posed in this cause, which is, assuming that relator is a public officer authorized by law to be reimbursed, compensated or given allowances for travel about the state in the performance of his duties and authorized by law to use a state owned motor vehicle for such travel, whether he is entitled, under the law, to purchase such a vehicle directly for his use, or whether, under the law, the respondent may determine that the Department of Finance shall purchase all motor vehicles for all state departments and determine the kind of vehicles and kind of equipment which state departments may use.
The law is plain and settled, and has not been deviated from, that public funds can not be expended for the travel of a public officer unless such expenditure is specifically authorized by law, and such authority can not be implied.
It is to be remembered that public offices are not con *350 sidered as instituted for the profit, honor or private interest of any person, but rather for the benefit of the public.
\ The demurrer to the amended answer is overruled, and the writ is denied.

Writ denied.

Weygandt, C. J., Matthias and Radclife, JJ., concur.
Zimmerman and Bell, JJ., concur in the syllabus and judgment.
Taft, J., not participating.
Radclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.