Koch, Appellant, *v.* Rhodes, Aud., et al., Appellees.

[Cite as Koch v. Rhodes, Aud., 3 Ohio App. 2d 236.]

(No. 7141—Decided December 24, 1963.)

*Mr. Isadore Topper,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. William D. Radcliff,* for appellees.

*Per Curiam.* This is an appeal from a judgment of the Common Pleas Court of Franklin County against the plaintiff, appellant herein, rendered upon a counterclaim. The judgment is for money paid to appellant by the state of Ohio as reimbursement of expenses while a member of the Board of Liquor Control. These expenses were for travel between appellant's home in Van Wert and Columbus to attend to his duties as a board member.

The parties agree that the right to reimbursement of such expenses depends upon statutory authority. It is also agreed that under Section 121.12, Revised Code, appellant was "entitled to his actual and necessary expenses incurred in the performance of his official duties."

Upon examination of the Liquor Control Act, Chapter 4301, Revised Code, it is our opinion that the Board of Liquor Control had a central office or a fixed situs for the transaction of its business, subject to the power to hold special sessions and perform various duties in other locations. This central office or situs was Columbus. It is also our opinion that the board was a continuing body whose operations were continuous in legal contemplation and not merely during the periods of board

meetings. The members of the board held full-time positions even though the satisfactory performance of their duties might not physically require their attendance during a full-work week. Under those circumstances, we think a member is not entitled to travel expenses to and from his place of residence to the central office or fixed situs of his work in the absence of an explicit statutory provision.

Long-established administrative practice shows that the money here was applied for and paid in good faith. However, the hardship attendant upon this morally justified reliance does not authorize a court to provide relief. That is a matter for the Legislature or its Sundry Claims Board.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

Duffey and Troop, JJ., concur.

Duffy, P. J., dissenting. I dissent from the majority opinion for the reason that my review of the file indicates that prior to the recodification of the state laws in October 1953, the section of the General Code providing for the salaries of the Board of Liquor Control contained the provision that "Each member of the Board of Liquor Control shall receive an annual salary * * *, together with his actual and necessary traveling expenses incurred in the performance of his official duties." (Section 6064-5, General Code.)

In the recodification of the laws, Section 4301.07, Revised Code, the clause "together with his actual and necessary traveling expenses incurred in the performance of his official duties," was deleted. The recodification law was effective October 1, 1953, and the law increasing administrative salaries of various departments including the Board of Liquor Control became effective October 2, 1953. This deletion was discovered in 1957, and apparently for the first time travel expenses for the Board of Liquor Control members from their homes to Columbus and return were denied after July 31, 1957.

When the Legislature next met in 1959, the deleted clause was restored to Section 4301.07, and it now provides for a salary and "In addition thereto, each member shall receive the actual

and necessary travel expenses in connection with board hearings and business.''

It cannot be denied that both the Auditor of State and the Supreme Court of Ohio gave approval to the practice of paying the travel expenses of the board members from their home to Columbus because of the provision contained in Section 6064-5 of the General Code. See, *State, ex rel. Leis, Member of Board of Liquor Control*, v. *Ferguson, Aud.*, 149 Ohio St. 555.

Section 1.24 of the Revised Code made it clear that in the recodification of the laws which were effective October 1, 1953, it was not the intent of the General Assembly to change the laws as had been expressed in the General Code of Ohio. The action of the Legislature in restoring the deleted phrase when it first met after the deletion was called to its attention lends support to the claim of the members of the Board of Liquor Control that the deletion was not made by the members of the Legislature but by the Bureau of Code Revision.

We are not called upon to determine the propriety of paying traveling expenses of members of state boards who have full-time employment in a central office in Columbus, Ohio, but are only to determine whether the payments made to them for the period from October 1, 1953, to July 31, 1957, were in accordance with the law. Surely the Supreme Court of Ohio had an opportunity to pass upon this matter in the *Leis case, supra,* and I see no improper conduct on the part of the Auditor or the members of the Board of Liquor Control. The payments for travel expenses during that period should be recognized as proper under the law and practice as recognized by the courts at that time.