Griffith, J.
The issue presented in this case is whether a member of the Board of Liquor Control was entitled to receive travel allowance paid during the period from September 1, 1954, to July 31, 1957, for expenses incurred in traveling between his place of residence in Van Wert and Columbus where the board held its meetings.
Plaintiff has not contended that the payments here involved represented voluntary payments made by the state under mistake of law. State, ex rel. Dickman, v. Defenbacher, Dir., 151 Ohio St., 391.
At the time plaintiff received the allowance in question, Section 4301.07, Revised Code, read in part:
“Each member of the Board of Liquor Control shall devote his entire time to the duties of his office and shall hold no other public position of trust or profit. * * *
“Each member of the board shall receive an annual salary of six thousand dollars, except the chairman who shall receive an annual salary of six thousand five hundred dollars.”
Section 6064-5, General Code, the predecessor of Section 4301.07, Revised Code, had included the following provision for travel expenses, which was omitted in the 1953 revision of the Code:
“Each member of the Board of Liquor Control shall receive an annual salary of four thousand five hundred dollars, together with his actual and necessary traveling expenses incurred in the performance of his official duties.”
Although the foregoing travel-expense provision was not included in Section 4301.07, Revised Code, Section 121.12, Revised Code, contains similar language. It reads:
“Each officer whose office is created by Sections 121.02, *165 121.04 and 121.05 of the Revised Code shall devote his entire time to the duties of his office, and shall hold no other office or position of profit. In addition to his salary, each such officer and each member of the boards and commissions in the departments shall be entitled to his actual and necessary expenses incurred in the performance of his official duties.”
As the Department of Liquor Control was included in Section 121.02, Revised Code, Section 121.12, Revised Code, applied to members of the Board of Liquor Control. Even if Section 4301.07, Revised Code, were to be construed to include the omitted language of Section 6064-5, General Code, under Section 1.24, Revised Code, as is contended by plaintiff, in order to be allowable the expenses between his residence and Columbus must have been “incurred in the performance of his official duties.”
In the case of State, ex rel. Leis, v. Ferguson, Aud., 149 Ohio St., 555, which involved travel expenses for a member of the Board of Liquor Control, this court held, in paragraph four of the syllabus:
“The term, ‘traveling expenses,’ contained in Section 6064-5, General Code, in relation to members of the Board of Liquor Control, does not embrace expenditures for subsistence, lodging, telephone calls and local transportation made by a member of such board after arriving at his destination for the transaction of the business in which he is regularly and customarily engaged at the ‘central office’ maintained for such purpose.”
In the course of the opinion, Zimmerman, J., stated at page 557:
“Here, we have a situation where relator receives a substantial annual salary for the performance of the duties of his office, the headquarters and principal place of business of the Board of Liquor Control is in the city of Columbus, and the relator incurred the expenses for which claim is made while in Columbus attending to the affairs for which he is compensated.”
And at page 558:
“It can hardly be said with confidence that the phrase ‘traveling expenses,’ standing alone and unexplained, includes *166 expenditures for subsistence, lodging, telephone calls, local transportation, etc., made by one, receiving an annual salary for his services, after arriving at his destination for the transaction of the business in which he is regularly engaged on a full-time basis at the principal establishment maintained for such purpose.”
The question now before us was not presented in the Leis case but, since a member of the board is not allowed personal expenses while in Columbus, it follows that he should not be allowed travel expenses in going to and from Columbus if such travel expense is personal and not “incurred in the performance of his official duties.”
In the ease of United States v. Shields (1894), 153 U. S., 88, a United States District Attorney resided in Canton and performed his duties in Cleveland. He traveled home on weekends and sought mileage expenses for the trip both ways. These expenses were denied, and in the opinion it is stated, at page 90:
“Mileage allowed to public officials involves the idea that the travel is performed in the public service, or in an official capacity. * * * If he [the District Attorney] is entitled to mileage for each one of these trips, made during the uninterrupted session of the court, it is difficult to see upon what principle he would not be entitled to mileage for a daily trip of that sort, which would enable him to spend each night of the week at home. * * * There is, in principle, no essential difference between the claim for mileage on a daily trip to and from the officer’s home, and a weekly trip when performed for his own pleasure and convenience so as to spend Sunday at home. The travel, whether made daily or weekly, cannot be said to have been made in the character of a public official, or in the performance of a public service, but merely in a private and unofficial capacity.” (Emphasis added.)
Likewise here, plaintiff’s travel between Van Wert and Columbus cannot be said to have been made in the performance of his official duties.
Expenses incurred by a member of the Board of Liquor Control in traveling between his place of residence and Columbus during the years 1954 to 1957 to attend board meetings held in Columbus were not incurred in the performance of *167 “his official duties” as set forth in Section 121.12, Revised Code, and, therefore, were not allowable expenses.
Plaintiff contends that, even if he was not entitled, to the expenses in question, recovery is barred by Section 2 of Amended Substitute Senate Bill No. 589 (129 Ohio Laws, 580), which enacted Section 141.15, Revised Code, in 1961. Section 2 reads:
“No elected or appointed state officer or state employee shall be liable to the state for any state funds paid to reimburse him for actual and necessary expenses incurred prior to the effective date of this act in the performance of his official duties.
“This section shall not apply if the reimbursement for expenditures was not for actual and necessary expenditures but was paid because of fraud or mistake.”
It is contended by plaintiff that, “even though Section 2 of the aforesaid bill was not considered by the lower courts, the fact remains that the language of said section bars any suit for recovery * * #.” However, reliance on Section 2, as set forth above, would be of no avail to plaintiff as the expenditures herein were paid in the mistaken belief that they were properly authorized by law when in fact, as has been determined, they were not.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taet, C. J., Zimmerman, Matthias, 0 ’Neill, Herbert and Hibson, JJ., concur.