ADAIR COUNTY EXCISE BOARD, W. H. Langley, Chairman, and George W. Waters, Member, Plaintiffs in Error,

v.

BOARD OF COUNTY COMMISSIONERS OF ADAIR COUNTY, and Lloyd E. Cole, Jr., Defendants in Error.

No. 41828.

Supreme Court of Oklahoma.

March 12, 1968.

Jack E. Rider, Stilwell, for plaintiffs in error.

Lawrence T. Spray, Adair County Atty., Stilwell, for defendants in error.

Lloyd E. Cole, Jr., pro se.

DAVISON, Justice.

This is an appeal by the Adair County Excise Board, W. H. Langley, Chairman and George W. Waters, Member (original defendants below) from a judgment in favor of the Board of County Commissioners of Adair County and Lloyd E. Cole, Jr., (plaintiffs below) consisting of a Writ of Mandamus commanding the defendants to forthwith approve the Cash Fund Estimate of Needs and Request for Appropriation, including the item therein for payment for the services of Lloyd E. Cole, Jr., that the Board of County Commissioners had previously submitted to the defendants. Earl Cole, the third member of the Excise Board, did not appeal.

The record reflects that for several years prior to the filing of the action (October 29, 1965) for the Writ of Mandamus the plaintiff, Lloyd E. Cole, Jr., had been employed by the Board of County Commissioners as a clerical assistant to keep and maintain current bookkeeping records for the Board of County Commissioners relative to the current use of moneys apportioned and distributed monthly to the County from motor vehicle license and registration fees, taxes and penalties, and excise taxes on gasoline and special fuels, for use in constructing and maintaining county roads, highways and bridges. His salary for such services had been paid from these funds.

When Adair County received its portion of the above funds in October, 1965, the County Treasurer on October 21, 1965, pursuant to the provisions of 62 O.S.1961, § 331, Subd. "Fifth," certified to the receipt and amount thereof. The Board of County Commissioners then prepared and submitted to the Excise Board an Estimate of Needs and Request for Appropriation authorizing the use of the money for certain alleged lawful purposes. Included in the estimate and request was an item of $155.44 for clerical assistance, which represented the salary of Lloyd E. Cole, Jr., for October, 1965. The Excise Board refused approval of this item. The present

mandamus action was then filed to require the Excise Board to give its approval thereto.

The Excise Board first contends that the trial court erred in overruling its demurrer to the petition. It argues that this was error because the petition did not state a cause of action.

The record shows a demurrer to the petition was filed and that there was some presentation made to the trial court. However, the trial court never ruled on the merit of the demurrer, but reserved its ruling thereon and later treated the demurrer as an answer.

This proposition of error is not before this court for consideration. In Myers v. Diehl, Okl., 365 P.2d 717, we held that where the record does not unequivocally show a ruling by the trial court on a demurrer, the claimed error of the trial court in "overruling" it will not be considered on appeal.

The Excise Board contends the suit cannot be maintained by the plaintiffs because it was not brought in the name of the State, on relation of the plaintiffs under the style of "State ex rel" the plaintiffs.

It is obvious that the purpose of the action is to secure an appropriation to pay the salary of plaintiff Lloyd E. Cole, Jr. He has a particular interest of his own that is independent of that which he holds in common with the people at large. He personally benefits financially from a successful prosecution of the mandamus action.

In Stubbs v. Excise Board of Muskogee County, 173 Okl. 341, 49 P.2d 83, we held that where an individual has a particular interest of his own independent of that which he holds in common with people at large in the performance of some statutory duty imposed on a public officer or board, the mandamus action may be maintained in the individual's own name.

In Stockton v. Excise Board of Payne County, 155 Okl. 120, 8 P.2d 57, we stated:

"A teacher of a common school district, who has a legal contract with the board of directors of the district to teach its school during the following school year, may, in his own name, maintain an action in mandamus to compel the county excise board to approve an estimate for his salary duty certified to it by the board of directors of the school district."

It is our conclusion that Lloyd E. Cole, Jr., may maintain the action in his own name. There is no need to pass upon the merit of the above proposition insofar as it concerns the Board of County Commissioners.

The Excise Board also contends that its demurrer to the petition should have been sustained because there was a defect in the parties defendant, in that Earl Cole, the third member of the Excise Board, was not made a defendant. We have previously pointed out that the trial court made no ruling on the demurrer. However, we note the record shows the trial court granted plaintiffs' application to make Earl Cole a party defendant, and that Earl Cole appeared in person at the trial and entered his appearance as a defendant.

The Excise Board presents a further contention of error which we construe as a proposition that the judgment is not supported by the evidence and is contrary to law.

The argument in support of this proposition is based on the Fifth Subdivision of 62 O.S.1961, § 331, which provides as follows:

"Fifth. All excise taxes collected by the State of Oklahoma and distributed to the counties or other municipal subdivisions under legislative enactment for specific purposes, and all contributions by the State of Oklahoma out of its General Revenues to any of the municipal subdivisions of the State to be expended under direction of statute, and all local collections required by law to be accounted for as cash funds, shall, when received.

by the treasurer thereof, to set up in a distinct and separate 'Cash Fund', identified in the title thereof by the purpose for which such distribution or contribution is made; and all warrants drawn thereon shall be payable on demand. None of these excise taxes or State contributions shall be appropriated by the County Excise Board *before the cash is actually on hand*; *then* the governing board involved shall *prepare an estimate of needs to be met therefrom and submit it* to the County Excise Board, and if said *Excise Board finds said estimate to be for legal purposes* and the *treasurer* thereof *certifies that the cash is actually on hand*, then the Excise Board *shall approve such estimate.*" (emphasis supplied)

Typical of such legislative enactments are 68 O.S.1961, § 659b(d) (1), 68 O.S. 1961, § 660c and 68 O.S.1961, § 727.4(c) providing the motor fuel excise tax shall be in part apportioned to the various counties and used in the construction, improvement, repair and maintenance of county and township highways and bridges.

The Excise Board's first contention is that the Board of County Commissioners' estimate was submitted prior to receipt and having the cash actually on hand. The record does not support this contention. The record shows the money was received and so certified by the County Treasurer on October 21, 1965, and that thereafter on October 25, 1965, the estimate was made and submitted to the Excise Board.

■ The Excise Board's next contention is that there is no statutory authority allowing or creating the position of clerical assistant to the Board of County Commissioners or that permits use of the described funds to pay the salary of Lloyd E. Cole, Jr., for his services in such position. The Excise Board argues that the services performed by Lloyd E. Cole, Jr., in his employment are duties the law places upon the County Clerk and further that its refusal to make the appropriation was discretionary and not subject to mandamus.

The findings and conclusions of the trial court were adverse to the Excise Board on all of the above points. The trial court held the employment of Lloyd E. Cole, Jr., in his clerical and technical capacity was legal and that under the circumstances it was the mandatory duty of the Excise Board to approve the estimate for payment for his services.

The parties concede that the construction, improvement, and maintenance of county roads, highways and bridges is one of the duties of the Board of County Commissioners. It appears that the parties are correctly in agreement that the County Commissioners are not required to individually and personally perform such work and that they may legally employ persons to do this work. The record reflects that the plaintiff Cole was employed by the Board of County Commissioners to keep and maintain a set of books showing the current status of the subject funds in order that he could inform the County Commissioners *at any time* as to the condition thereof, that he did keep and maintain a bookkeeping record in accord with the purposes of his employment, and that the County Commissioners did recognize the need for such records on a current basis as to county road and highway matters and did make inquiry as to the current status of the funds and relied thereon in such matters. From the record it appears that the services were related to and an integral part of the use of the funds for road and highway purposes and as much a part and incident thereof and reasonably necessary as the physical work done on the roads and highways.

The duties of the county clerk require that he or a deputy attend the sessions of the Board of County Commissioners and keep a record of their proceedings (19 O.S.1961, §§ 243, 244) and keep a record of the receipts and expenditures of his county and accounts of the county officers (19 O.S.1961, § 250). However, we are not cited to any statutory provision, nor do we find any, requiring the county clerk to

maintain bookkeeping records for the County Commissioners like that kept and maintained by the plaintiff Cole.

Title 19 O.S.1961, § 180.61, places county commissioners under classification "B" for the purposes therein stated.

Title 19 O.S.1961, § 180.65, provides in pertinent part as follows:

"(a) The officers named in groups 'A' and 'B' shall have such number of regular or technical deputies, assistants * * aides * * * technicians * * * or other help, whatever title the principal officer may ascribe to the duties or functions to be performed as authorized by law and clearly related to the proper accomplishment of lawful functions, whether on whole or part-time basis, at such rates of salary or pay, subject to the provisions of this section as hereinafter set forth, as the principal officer may propose and establish the need of and the county commissioners will approve, for the adequate accomplishment of the functions of the office and the performance of the duties imposed thereon by law, with due weight being given to employment on whole or part-time basis; provided, that no such employments shall exceed the amount of lawful funds appropriated for such purpose."

In Board of Com'rs of Grant County v. Ridings, 100 Okl. 62, 227 P. 96, we stated, relative to an action on a claim against the county, that one who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority in law.

The plaintiff Cole occupies an analogous position. We point out that in the above § 180.65 the present county commissioners occupy the position of the "principal officer" and their employment of the plaintiff Cole constitutes their approval of the need of his services, pursuant to his employment, "for the adequate accomplishment" of the "functions" of their office. There were sufficient funds on hand to pay his salary.

It is our conclusion that the employment of Lloyd E. Cole, Jr., was legal and that, under the present circumstances, his salary may be legally paid from the subject funds. The Excise Board was vested with no discretion to refuse to make the appropriation required by the Board of County Commissioners.

In Nixon v. Roberts, Okl., 420 P.2d 898, we held that in a case where there are no disclosures or controverted facts to call for the exercise of discretion and judgment by county officers, or in a case where they must exercise judgment and discretion, but they act arbitrarily, or fraudulently, the writ of mandamus may be issued to require a proper performance of their duties.

The judgment is not contrary to law and is not against the clear weight of the evidence.

Affirmed.

All the Justices concur.