Frank R. HICKMAN, Plaintiff in Error,

v.

The CITY OF TULSA, Defendant in Error.

No. A–15821.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

Rehearing Denied Dec. 10, 1971.

An Appeal from the Municipal Criminal Court of the City of Tulsa; Thomas Crewson, Judge.

Frank R. Hickman was assessed a fine of Two Dollars ($2.00) for overtime parking violation, and appeals. Judgment and sentence affirmed.

Frank R. Hickman, Tulsa, for plaintiff in error.

Jay Berry Epperson, Asst. City Atty., for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge:

This is an appeal from a fine of two dollars ($2.00) imposed on plaintiff in error, hereafter referred to as defendant, in Municipal Criminal Court of the City of Tulsa, on January 12, 1970. The charge was for overtime parking at the Tulsa County Parking Facility adjacent to the Tulsa County Courthouse.

The Tulsa County Commissioners and the Tulsa City Commissioners entered into a "Cooperative Agreement" on July 28, 1969, under the provisions of the Interlocal Cooperation Act, authorized by Title 74 O.S.Supp.1965, § 1001 et seq. In substance, the agreement provided for the City to assume enforcement responsibility for all parking facilities in the Tulsa Civic Center Complex; that the traffic violations would be subject to City Ordinance control and processing procedures, and the City would retain all fine monies collected. The agreement also provided for the County to maintain, supervise and render all other service requirements for the parking facility; and that the County would retain all monies generated by meter deposits.

Defendant asserts two assignments of error: that the trial court erred in not dismissing the charge for the reason the Cooperation Agreement was without consideration; and that the trial court lacked jurisdiction of the charge.

 Defendant's first assignment of error is denied for the reason the Cooperation Agreement was a joint venture entered into between the two political subdivisions for the purpose of providing efficient use of their powers and facilities in the public interest. The City did not exceed its authority granted by its charter when the agreement was entered; and the consideration for the agreement grows out of the mutual promises of the parties. The Oklahoma Supreme Court provided in the third paragraph of the syllabus to

Nadel et al. v. Zeligson, 207 Okl. 658, 252 P.2d 140 (1952):

"A contract of joint adventure is sufficiently supported by a consideration growing out of the mutual promises of the parties." See also: Dike v. Martin, 85 Okl. 103, 204 P. 1106.

■ Defendant's second assignment of error is denied for the reason we find the trial court did have jurisdiction of this matter and authority to impose judgment and sentence therein. Defendant considers the construction of the Cooperation Agreement under the formal procedure of agreement, provided for in the Act which does require six statutory steps which must be followed to accomplish a satisfactory agreement. However, the agreement with which we are confronted in this matter is that of "simple contract" provided for in 74 O.S. Supp.1965, § 1008, as follows:[1]

Any one or more public agencies may contract with any one or more other public agencies to perform any governmental service, activity, or undertaking which any of the public agencies entering into the contract is authorized by law to perform, provided that such contract shall be authorized by the governing body of each party to the contract. Such contract shall set forth fully the purposes, powers, rights, objectives and responsibilities of the contracting parties.

As we view the agreement, it is a valid enforceable agreement and that provision which states "That all parking and other traffic violations shall be subject to City Ordinance control and shall be processed through and handled by the appropriate personnel of the City of Tulsa. * * *" provides jurisdiction in the Municipal Criminal Court of the City of Tulsa to enforce the terms of the pertinent ordinances.

Therefore, finding that the Cooperation Agreement entered into between the City of Tulsa and the County of Tulsa is valid, being authorized under the Statutes of the State of Oklahoma; that the court had jurisdiction of the person and subject matter and did not exceed its authority in imposing sentence; and finding no error in the records provided this Court, we are of the opinion the judgment and sentence imposed by the Municipal Criminal Court of the City of Tulsa in that court's case number 0024270, should be, and the same is therefore, affirmed.

Judgment and sentence affirmed.

BUSSEY, P. J., concurs.

1. See: M. Merrill, Inter-Local Cooperation Acts, A Brief Survey, 41 OBAJ No. 26, at 1399.