The Attorney General is in receipt of your request for an Attorney General's Opinion in which you have asked, in effect, the following questions: 1. May a Board of County Commissioners enter into contracts with municipalities within said county whereby the municipality agrees to provide fire protection services for county highway barns, highway equipment, bridges and county roadway right of ways in return for an agreed monthly payment? 2. May such payment be made from county highway funds? The first question presented concerns the legality of a specific type of interlocal agreement between two local governmental units. The Oklahoma Legislature has statutorily provided for such agreements by the provisions of the INTERLOCAL COOPERATION ACT, 74 O.S. 1001 [74-1001] et seq. The above act authorizes the following types of agreements at 74 O.S. 1004 [74-1004]: "74 O.S. 1004 [74-1004]. Agreements authorized. — (a) Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state, and jointly with any public agency of any other state or of the United States to the extent that laws of such other state or of the United States permit such joint exercise or enjoyment. Any agency of the state government when acting jointly with any public agency may exercise and enjoy all of the powers, privileges and authority conferred by this act upon a public agency. "(b) Any two or more public agencies may enter into agreements with one another for joint or cooperative action pursuant to the provisions of this act . . . ." Both the Board of County Commissioners and governing bodies of cities have been determined to be public agencies within the statute. Hickman v. City of Tulsa,490 P.2d 1405 (Okla. 1971). The provisions of 11 O.S. 29-101 [11-29-101] (1978), authorize municipal governments "to establish and operate a fire department." Respective Boards of County Commissioners are specifically authorized by the provisions of 19 O.S. 351.1 [19-351.1] (1971), to contract with respective municipalities for fire protection services "for all persons and property (emphasis added) in areas outside the corporate limits of such city, town or municipality but within the boundaries of the county, and to pay for such fire protection services a reasonable amount on a per run basis, or such other equitable basis as may be agreed upon, and to pay for such services from funds of the county duly appropriated therefor." The Interlocal Cooperation Act and above statutes authorizes contracts between municipalities and counties for fire protection services but the legislature did not intend that such contracts be limited to fire protection services for "county barns, highway equipment, bridges and county roadway right-of-ways." Use of the county highway fund is restricted to 'construction and maintenance' upon "county highways . . . or state highways within their respective counties . . . if, in the judgment of the board . . . such expenditure would be just and equitable and for the best interest of the county." 69 O.S. 601 [69-601] (1978); 69 O.S. 1503 [69-1503] (1977). Only when services rendered a county are as "related to and an integral part of" the above use as "the physical work done on the road and highways" is payment from the county highway fund authorized. See Adair County Excise Board, et al. v. Board of County Commissioners of Adair County, 438 P.2d 484 (Okla. 1968). It was the legislature's intent that 19 O.S. 351.1 [19-351.1] (1971), authorize county commissioners to provide fire protection services for "all persons and property" and that the services be paid by "funds of the county duly appropriated therefor," not by the restricted "county highway fund." It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The provisions of the Interlocal Agreement Act, 74 O.S. 1001 [74-1001] et seq. (1971), authorize respective Boards of County Commissioners to enter into contracts with municipalities located within said county in which the municipality agrees to provide fire protection services for all persons and property outside its corporate limits in return for a reasonable amount for a per run basis, or such other equitable basis as may be agreed upon. 2. Respective Boards of County Commissioners must pay for such services from "funds of the county duly appropriated therefore," and not from the restricted county highway fund. (JOHNNY J. AKINS) (ksg)