Dear Representative Lucas,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Section 19 O.S. 786 of title 19 of the Oklahoma Statutesmandates that the county excise board make two separate annuallevies on all property within the county for the benefit ofcounty charity patients and county hospitals. Are such leviesrequired to be taken from the existing ten mills which areapportioned to the county in section 9 of article X, Section 9 ofthe Oklahoma Constitution, or are those levies in addition to theten mills?
2. Do these annual levies for the benefit of county hospitalshave to be approved by the voters of the county? If so, whatpercentage of the vote is necessary for approval?
3. What consequences does the county excise board face if itdoes not make the separate annual levies for the benefit ofcounty hospitals?
 I
¶ 1 In answering your first question, we must begin by examining the text of article X, Section 9 of the Oklahoma Constitution. Section 9(a) of art. X provides, in pertinent part, that:
 [The] total taxes for all purposes on an ad valorem basis shall not exceed, in any taxable year, fifteen (15) mills on the dollar, no less than five (5) mills of which is hereby apportioned for school district purposes, the remainder to be apportioned between county, city, town and school district, by the County Excise Board, until such time as a regular apportionment thereof is otherwise provided for by the Legislature.
¶ 2 By providing that ad valorem taxes "shall not exceed . . . fifteen (15) mills," 9 places, in unequivocal terms, a ceiling of fifteen mills per dollar on the amount of ad valorem taxes which may be imposed. While this cap is subject to several exceptions, e.g., article X, Section 9(c), Article X, Section 9(d) and (d-l), none of the exceptions are applicable here. Outside of these specific exceptions, the fifteen mill ceiling applies, regardless of the purpose of the taxes. Of the fifteen mills allowed, five mills are automatically apportioned for "school district purposes." The remaining ten mills are to be apportioned at the discretion of the county excise board, unless the Legislature has "otherwise provided."
¶ 3 Through its enactment of 19 O.S. 786 (1981), the Legislature has so "otherwise provided." Section 786 requires the excise board of each county that operates a county hospital to make two separate annual levies. One is in the amount of one fourth of one mill and is to be used to care for county charity patients. The other is for an unspecified amount and is to be used to maintain the county hospital. After the required levies are made, the excise boards are to distribute the collected funds in accordance with the statutory directive. Thus, 786 precludes county excise boards from exercising their allocative discretion, at least with regard to the minimum amount of the levies. In essence, 786 operates as a forced levy and apportionment.
¶ 4 Your question is whether these two levies must be included in the computation of the fifteen mills allowed by article X, Section 9 of the Oklahoma Constitution. By its terms, the limitation of art. X, 9 embraces "total ad valorem taxes for all purposes." Because the levies mandated by 786 are "ad valorem" taxes, they fall squarely within the category of taxes limited by article X, Section 9. Accordingly, the 786 levies must be included in the computation of the total amount of mills for the purpose of determining whether the fifteen mill limit has been reached.
¶ 5 Moreover, it is basic that our Constitution is the supreme law of this state and that statutory provisions which contravene that law are invalid. Reherman v. Oklahoma Water ResourcesBoard, 679 P.2d 1296 (Okla. 1984). Section 786 cannot, therefore, be construed to extend the limit imposed by art. X, 9. Rather, 786 should be read as an exercise of the Legislature's power to "otherwise provide" for the apportionment of fundswithin the constitutionally imposed limit. The levies set forth in 786 simply serve to make the apportionment prescribed by the Legislature self executing. In sum, this office concludes that the two annual levies mandated by 786 must be counted toward the fifteen mill limit authorized by the Oklahoma Constitution.
 II
¶ 6 Your second question asks whether the levies must first be approved by the voters of the county. As discussed above, the enactment of 786 represents the Legislature's exercise of a power explicitly granted to it by article X, Section 9 of our Constitution. Clearly then, the operation of this statute is not an event which is subject to a local vote. And as there is no requirement within 786 itself that the levies must be approved by the voters of the county, this office concludes that no such vote is necessary. Rather, the interests of the residents of the county are represented through the state legislative process.
 III
¶ 7 Your final inquiry concerns the consequences of failure to make the required levies. Our review of the applicable law reveals three possible results which may ensue from the failure of an excise board to make the levies mandated by 786.
¶ 8 First, the excise board may be subject to an action for writ of mandamus. This remedy was addressed by the Oklahoma Supreme Court in Adair County Excise Board v. Board of CountyCommissioners of Adair County, 438 P.2d 484 (Okla. 1968). InAdair County, the Court held that where a county excise board refuses to perform a duty that it is legally obligated to do, and which does not involve the exercise of discretion, the proper remedy is an action seeking a writ of mandamus. Adair County at 488; see also, Tulsa County Excise Board v. Texas-Empire PipeLine Co., 106 P.2d 792, 794 (Okla. 1940).
¶ 9 Here, under 786, it is the legal duty of the county excise board to make the levies and apportionments. This duty is a mandatory one and is not a matter in which the board may exercise discretion. A.G. Opin. No. 87-115. Accordingly, a county excise board which refuses to make the levies mandated by 786 will, under Adair County, be subject to a mandamus action to compel the board to make the required levies and coordinate apportionments. Such an action will, of course, implicate the district court's contempt power to enforce compliance.
¶ 10 Second, if the failure of the excise board to make the levies is found to be "willful neglect" of a duty imposed by law, then the members of the excise board will be subject to ejection from office under the removal provisions of 22 O.S. 1181 (1981) et seq., and the ouster provisions of 51 O.S. 91 (1981) et. seq.
¶ 11 Finally, this office observes that county excise boards are established pursuant to the Oklahoma Tax Code. 68 O.S. 2457
(1981). The Code requires that each "county excise board shall meet . . . for the purpose of performing the duties required of it by law." 68 O.S. 2494 (1981). Section 68 O.S. 2476 of the Code, effective until January 1, 1992, makes performance of these duties mandatory and assesses penalties for failure to perform. Specifically, 68 O.S. 2476 provides that any official, board or commission that fails or neglects to perform the required duties will be subject to: (1) removal from office, (2) withholding of salary, and (3) the imposition of "a penalty of Five Dollars ($5.00) per day for each day's delay for such neglect or failure." This office deems the duty to make the 786 levies to be a "duty required of excise boards by law." Accordingly, the penalties set forth in 2476 may attach as a result of failure to make the levies required by 786.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that:
1. The two annual mill levies mandated by 19 O.S. 786(1981), to be used for the benefit of county charity patientsand county hospitals, must be included in the computation of thetotal amount of mills for the purpose of determining whether thefifteen mill limit imposed by article X, Section 9 of theOklahoma Constitution has been reached; the mill levies are notin addition to those authorized by art. X, 9 of the OklahomaConstitution.
2. There is no requirement that the 19 O.S. 786 levies beapproved by the voters of the county.
3. A county excise board which fails to make the levies mandatedby 19 O.S. 786 (1981) may be subject to: (1) an action forwrit of mandamus to compel the board to make the levies, (2) anaction for removal or ouster, and (3) the penalties specified by68 O.S. 2476 (1981) of the Oklahoma Tax Code.
ROBERT H. HENRY Attorney General of Oklahoma
K.W. JOHNSTON Assistant Attorney General